FARGO et al., Respondents, v. SCHRAUDENBACH, Appellant.

(167 N. W. 492.)

(File No. 4310.    Opinion filed May 13, 1918.)

**1.  Venue—Garnishment Proceedings as "Action," Whether Affecting Venue—Procedure in Actions "At Issue" Made Applicable, Effect—Statute.**

Code Civ. Proc., Sec. 101, as amended by Laws 1915, Ch. 150, and Code Civ. Proc., Sec. 102, as amended by Laws 1913, Ch. 177, relating to place of trial of civil actions, are not modified by garnishment law (Laws 1909, Ch. 156, Sec. 15),

making applicable thereto all provisions of law relating to proceedings in civil actions "at issue;" inasmuch as steps taken for change of venue on account of residence must be taken before cause is at issue.

**2.    Same—Garnishment Proceeding, Ancillary to Main Action— Additional Provisional Remedy, to Code Procedure—Statutes —Control, re Venue.**

A garnishment proceeding, being ancilliary to the main action, is to be classed as an additional provisional remedy to those under Ch. 11, Code Civ. Proc.; and the venue of the main action is not controlled by garnishment statute.

Appeal from Circuit Court, Spink County.    Hon. ALVA E. TAYLOR, Judge.

Action by J. D. Fargo and another, against Anna Norton Schraudenbach. From an order denying a motion for change of venue, defendant appeals. Reversed, with directions.

*Edward E. Wagner,* and *George J. Danforth,* for Appellant.

No appearance for Respondent.

GATES, J.    The venue of this action was laid in the circuit court of Spink county.    The principal defendant was a resident of, and served with summons, garnishee summons, and affidavit in, Minnehaha county.    The garnishee defendant was a resident of, and served with garnishee summons and affidavit in, Spink county.    Before the expiration of the time to answer the complaint the principal defendant demanded in writing that the venue be changed to Minnehaha county.    The circuit court of Spink county denied a motion for an order for such change. Therefrom the principal defendant appeals.    Unless the garnishment statute (chapter 156, Laws 1909) has modified section 101, C. C. P., as amended by chapter 150, Laws 1915, and § 102, C. C. P., as amended by chapter 177, Laws 1913, the principal defendant was entitled as a matter of right to the desired change. Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452; George v. Kotan, 18 S. D. 437, 101 N. W. 31; Ivanusch v. Great Northern Ry. Co., 26 S. D. 158, 128 N. W. 333.

[1]    A careful study of chapter 156, Laws 1909, fails to disclose a legislative intent to thereby modify the two sections of the Code of Civil Procedure above referred to.    While section 15 of said garnishment chapter describes the garnishment proceeding as an action, yet the Legislature did not make all provisions

of law relative to proceedings in civil actions applicable thereto. That section says (the italics are ours) :

"And all provisions of law relating to proceedings in civil actions *at issue,* * * * shall be applicable thereto."

[2]   Inasmuch as the steps to be taken for a change of venue upon the ground set forth in the present application could only be taken before the cause was "at issue," a clear legislative intent was manifested not to repeal the said sections of the Code of Civil Procedure by the garnishment chapter.   Moreover, a garnishment proceeding is an ancillary proceeding to the main action, and is to be classed as an additional provisional remedy to those given by chapter II of Code of Civil Procedure.   See Comp. L. North Dakota, §§ 7487, 7567-7587; 20 Cyc. 979.   The venue of the main action can no more be controlled thereby than it could in the case of attachment proceedings.

The order appealed from is reversed, with directions to grant the change of venue applied for.