HORNBY, Plaintiff, v. HORNBY, Defendant

(25 N. W.2d 237)

(File No. 8846. Opinion filed December 9, 1946.)

**G. F. Johnson** of Gregory, for Frontier Refining Co., Appellant.

**W. J. Hooper,** of Gregory, for Roscoe Knodell, receiver, Respondent.

**Geo. T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for the State, Respondent.

SICKEL, J.   This is an action brought for the dissolution of a partnership and the appointment of a receiver to wind up its affairs.   The defendant did not contest either the dissolution or the appointment of a receiver.   Rex Minshall was appointed receiver by the court on January 24, 1942.   He was replaced by Harold J. Pike on June 10, 1942. Pike assumed his duties pursuant to such appointment on July 18, 1942.   Roscoe Knodell was appointed as receiver to succeed Pike on February 20, 1943, and made his final report on July 26, 1945.   Among the claims reported by him was one filed by Frontier Refining Company for merchandise sold to the receiver, and another by the State of South Dakota for gasoline taxes.   The Frontier Refining Company demanded a preference on its own claim and ob-

jected to the allowance of the preference claimed by the state. After a hearing on the report and on the objections filed, an order was entered denying the preference claimed by the Frontier Refining Company and allowing the preference claimed by the state. The Frontier Refining Company has appealed.

■■ The receiver made a motion to dismiss this appeal on the ground that the order on the receiver's final account is not appealable. The receiver's report shows the disposition made of the property belonging to the firm, receipts, disbursements, cash on hand, claims presented, and the expenses of the receivership. Notice of hearing was given to all interested parties. No objections or demands other than those of the Frontier Refining Company, referred to above, were presented at the hearing. After the entry of the order which decided the questions raised by the objections of the Frontier Refining Company and which otherwise approved the final account of the receiver, no further proceedings were necessary for the termination of the receivership and the final disposition of the action, except the formal order of disbursements. Such order was withheld by the court pending the final determination of the issues presented on this appeal. The order on the account of the receiver is not a final order and is not appealable according to the provisions of SDC 33.0701, unless an appeal has been allowed in the manner provided by the rules of this court. However, so far as we can see, the order determines all of the issues that have arisen or that could arise in the action. The appeal would have been allowed if an application for such allowance had been made. Therefore, the failure to apply for and obtain an order allowing the appeal is excused and the motion to dismiss the appeal is denied. Northwestern Engineering Co. v. Ellerman, 69 S. D. 397, 10 N. W.2d 879.

■ The orders appointing Minshall and Pike as receivers directed them to "conduct the business of said firm in the manner it has been conducted and that the assets as far as possible be sold at retail in the usual course of trade." The authority to carry on the business of the partnership,

vested in the receivers the power to incur obligations for supplies, materials and other expenses which were proper and usual in the conduct of such business. Cake v. Mohun, 164 U. S. 311, 17 S. Ct. 100, 41 L. Ed. 447; In re Holmes Mfg. Co., D. C., 19 F.2d 239; Delbridge v. Kaukauna Fibre Co., 165 Wis. 435, 162 N. W. 478; Knickerbocker v. McKindley Coal & Mining Co., 172 Ill. 535, 50 N. E. 330, 64 Am. St. Rep. 54; Wigton v. Climax Coal Co., 270 Pa. 420, 113 A. 425; Sager Mfg. Co. v. Smith, 45 App. Div. 358, 60 N.Y.S. 849, affirmed 167 N. Y. 600, 60 N. E. 1120.

■ The obligations incurred by the receivers, during such management of the business, in the purchase of necessary materials and supplies are entitled to preference over the claims of general creditors. Diamond Match Co. v. Taylor, 83 Md. 394, 34 A. 1015. Such obligations must be charged first upon the net income, and when that is not sufficient they may be charged against the property of the insolvent debtor, or upon the proceeds of the sale of such property. Diamond Match Co. v. Taylor, supra; Knickerbocker v. McKindley Coal & Mining Co., supra; High on Receivers, 4th Ed., § 36. This action does not involve the power of the court to subordinate mortgages or liens on receivership assets to claims against the receiver for materials and supplies purchased for operation of the business.

■ The receivers continued the business of the partnership, buying and selling gasoline at retail. The gasoline so purchased was either sold or used by the receivers. The claim of the Frontier Refining Company is for the balance due it for gasoline sold to the receivers, and the claim of the state is for the unpaid gasoline taxes thereon. The proceeds of gasoline sales have been exhausted. The property of the insolvent partnership has been sold and the cash on hand is the proceeds of the sale of such property. Both claims are preferred charges against the balance of the cash on hand subject to the expenses of administration.

The order appealed from is to be modified so as to allow the preference claimed by the Frontier Refining Company, and otherwise it is affirmed, with costs to appellant against the receiver only.

POLLEY, J., not sitting.