**Brady SMALL et al., Appellants,**

v.

**Hiram J. BAILEY et al., Appellees.**

Court of Appeals of Kentucky.

April 20, 1962.

J. C. Cantrell, Huddy, for appellants.

Fred B. Redwine, Pikeville, for appellees.

CULLEN, Commissioner.

Brady and Helen Small brought action against Hiram J. Bailey, L. D. May, and the Stone Coal Corporation to recover the value of certain mining equipment alleged to have been converted by the defendants. The court, trying the case without a jury, gave judgment against the corporation for $4303 but dismissed the complaint as to Bailey and May. The Smalls have appealed, contending that judgment should have gone against Bailey and May also.

■ The court found as a fact that Bailey had converted the Smalls' property, but concluded that since Bailey in so doing was acting as agent for the corporation (of which he was president) he was not personally liable for the conversion. The court was in error in this conclusion because the law is well settled that an agent of a corporation is personally liable for a tort committed by him though he was acting for the corporation. Pirtle's Adm'x v. Hargis Bank & Trust Co., 241 Ky. 455, 44 S.W.2d 541. There are numerous cases holding a corporate officer liable for a conversion of personal property by him for the benefit of ·his corporation. See Annotation, 152 A.L.R. 705.

■ As concerns May, the evidence was only that he was attorney for the corporation and at Bailey's request he advanced $100 to the corporation in order that Bailey might pay that sum to the owner of the surface of the land on which the mining equipment was located (Bailey being under the impression that the surface owner had acquired title to the equipment by reason of its abandonment by the Smalls). In our opinion this mere lending of money was not a sufficient participation by May in the conversion to render him liable.

To the extent that the judgment dismissed the complaint as to Bailey it is reversed, with directions that judgment be entered against Bailey the same as against the corporation. In all other respects the judgment is affirmed.