Rockingham,
No. 5807.

PACIFIC & ATLANTIC SHIPPERS

*v.*

ALLAN A. SCHIER.

Argued January 7, 1969.
Decided October 31, 1969.

*Perkins, Holland & Donovan* and *William H. M. Beckett* (*Mr. Beckett* orally), for the plaintiff.

*Shute, Engel & Frasier* and *Gerald B. Stratton* (*Mr. David C. Engel* orally), for the defendant.

LAMPRON, J.   Action for conversion of six Johnson out-board motors brought by Pacific & Atlantic Shippers against Allan A. Schier, treasurer and manager of Saugus Lumber and Hardware Corp., a Massachusetts corporation doing business in Saugus in that Commonwealth. This matter was before this court on a jurisdictional issue in *Pacific & Atlantic Shippers* v. *Schier*, 106 N. H. 69.

Hearing before *Amos N. Blandin*, Judicial Referee, who made the following findings, rulings and decree:

"1. The defendant acted in good faith and reasonably in all the circumstances in selling the motors.

"2. He did not profit himself nor seek to profit in the transaction but did what he believed was in the best interests of the owners.

"3. The retail price of the [six] motors was approximately $4,800. However, due to the lateness of the season the value had shrunk and defendant obtained as good a price as was possible under the existing conditions of approximately $2,800. The delay in selling them was not the defendant's fault. The moneys received from the sale of the motors went into the account of Saugus Lumber & Hardware Company. This company went into receivership and paid approximately 10 to 15 per cent dividends to its creditors.

"4. The defendant knew that the motors did not belong to him and, although acting for his company, he participated in the sales. In view of the facts, the Court feels constrained under *New England Box Company* v. *Gilbert,* 100 N. H. 257, to hold the defendant personally liable as a matter of law and render a verdict for the plaintiff for $2,800.

"The Court allows the plaintiff's amendment substituting Henry J. Janson as party plaintiff and finds that no prejudice results to the defendant on this account."

The Referee's report was approved by *Loughlin,* J. who reserved and transferred defendant's exception to the denial of his motion to set aside the verdict together with all his other exceptions.

In February 1962, Schier, on behalf of Saugus Lumber, ordered from Johnson Motors 19 out-board motors to be sold in the regular business of the corporation. Payment for these motors was to be financed, for Saugus Lumber, by Saugus Trust Company. The motors were to be delivered to Saugus Lumber only upon delivery by it to the carrier of an original bill of lading duly endorsed by the bank.

Pacific & Atlantic, the original plaintiff, to whom Johnson delivered these motors, had a contract for delivery of its freight in the Saugus area with H. & P. Trucking Company owned by Henry J. Janson, who was substituted as party plaintiff under a motion for amendment allowed by the Referee. H. & P. Trucking received these motors and was to deliver them to Saugus Lumber under the same condition, that is, only upon receipt of an original bill of lading properly signed and endorsed by Saugus Trust. However, delivery was made without obtaining

such a bill of lading. Schier testified that he knew that consequently Saugus Lumber did not own these motors and that "the motors were still owned by and title was still in Johnson Motor Company."

Thirteen of the nineteen motors thus delivered, sometime in April, were repossessed on July 13, 1962. The other six motors, the subject matter of this action, had been sold previously for a total of $2,800 by Schier, or other employees of Saugus Lumber with his knowledge and consent.

The essence of conversion is the exercise of dominion or control over goods which is inconsistent with the rights of the one entitled to their possession. *Knapp* v. *Guyer*, 75 N. H. 397, 398; *Largy* v. *Morrison*, 88 N. H. 270; Restatement (Second), Torts, *s.* 222 A. Sale and delivery to a third person of goods owned by another or to the possession of which he is entitled constitute a conversion. *Evans* v. *Mason*, 64 N. H. 98, 99; Prosser, Law of Torts (3d *ed.* 1964) *s.* 15, *p.* 87.

The fact that the defendant acted in good faith in making the sale, as the Referee found to be the case here, does not prevent such sale from constituting a conversion. *Knapp* v. *Guyer, supra; Weiland Tool & Mfg. Co.* v. *Whitney*, 100 Ill. App. 2d 116, 127; 18 Am. Jur. 2d, Conversion, *s.* 7, *p.* 162. Cases such as *Uccello* v. *Gold'n Foods, Inc.*, 325 Mass. 319 cited by the defendant as requiring that he be found guilty of clear and gross negligence before personal liability can be imposed on him deal with suits by stockholders for mismanagement of the corporation by its officers and are inapposite. See 19 Am. Jur. 2d, Corporations, *s.* 1279. Furthermore, when, as in this case, possession of the motors was not properly obtained originally and they were subsequently sold, no demand by the plaintiff and refusal by the defendant was necessary to constitute a cause of action for conversion. *Jones* v. *Stone*, 78 N. H. 504, 506; 18 Am. Jur. 2d, Conversion, *s.* 63, *p.* 197.

It is well established that an officer of a corporation is liable for any tort of the corporation in which he participates or authorizes, even though he was acting for the corporation in the commission of the tortious activity. *New England Box Co.* v. *Gilbert*, 100 N. H. 257, 259; *Miller* v. *Simon*, 100 Ill. App. 2d 6, 10; 3 Fletcher, Cyc. Corporations, *ss.* 1137, 1140. The defendant Schier testified that he knew these motors were still owned

by Johnson which had title to them; that he never obtained permission from Johnson to sell them; that he actively managed the business of Saugus Lumber and was fully aware of the fact that each motor was being sold. The Referee properly found and ruled that Schier was personally liable in the sale of these six motors. *New England Box Co.* v. *Gilbert,* 100 N. H. 257; *Warren Tool Co.* v. *Stephenson,* 161 N. W. 2d 133 (Mich. App., 1968).

The gist of the action of conversion is the proof of wrongful deprivation of property to one entitled to possession. *Morin* v. *Hood,* 96 N. H. 485, 486; *Weiland Tool & Mfg. Co.* v. *Whitney,* 100 Ill. App. 2d 116, 126; Prosser, Law of Torts (3d *ed.,* 1964) *s.* 15, *pp.* 94, 95. H. & P. Trucking Company, Incorporated, received possession of these motors from Pacific & Atlantic to be delivered only upon receipt of a bill of lading properly endorsed. It was entitled to immediate possession of these motors from Saugus Lumber when the latter came in possession of them without meeting this condition. The wrongful deprivation of this right of possession which resulted from the sale of these motors by Saugus Lumber constituted a conversion against H. & P. Trucking. *Largy* v. *Morrison,* 88 N. H. 270, 271; *Continental Tanners* v. *Gonic Footwear Co.,* 106 N. H. 297, 303.

Henry J. Janson testified that he was the owner of H. & P. Trucking. No evidence to the contrary appears in the record. Under our rules of procedure, the Referee could properly grant the motion to substitute him as party plaintiff if no prejudice resulted to the defendant. *Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244, 247; *LePage* v. *Company,* 97 N. H. 46, 50. Evidence that H. & P. Trucking was negligent in failing to pick up these motors promptly after delivery, as argued by the defendant, would not affect its right to recovery. 18 Am. Jur. 2d, Conversion, *s.* 8, *p.* 163. Recovery by H. & P. of the full damage for the conversion would extinguish all claims therefor against the defendant. Prosser, Law of Torts (3d *ed.,* 1964) *s.* 15, *p.* 97. We hold that the Referee could properly find "that no prejudice results to the defendant" on account of the amendment.

*Judgment on the verdict.*

All concurred.