BRASEL et ux, Appellants v. CITY OF PIERRE, Respondent
v.
MYERS et al., Appellants

(211 N.W.2d 846)

(File Nos. 11054, 11055. Opinion filed November 8, 1973)

Bottum & Bonynge, Wessington Springs, for plaintiffs and appellants.

Stephens, Riter, Mayer & Hofer, Pierre, for defendant and respondent.

Martens, Goldsmith, May, Porter & Adam, Pierre, for defendants and appellants.

BIEGELMEIER, Chief Justice (on reassignment).

These appeals present procedural questions and are disposed of on that basis. The parties will be referred to in the singular—Myers and Brasel.

Brasel owned and operated the Waverly Hotel fronting on Pierre Street, and Myers owned two lots adjoining it to the north. While the concrete sidewalk in front of the Myers property was on solid ground, beneath the sidewalk from the foundation of the hotel to the street curbline was an areaway or cavity enclosed by rock walls. This situation existed since 1936, and the area had

been used by the hotel operators as a storage place. Also, the city water meter was located there. The topography of Pierre Street is such that when it rains, water flows down the street past the Myers property and then past the hotel. At times heavy rains caused water to flow over the curb and up on the sidewalk.

In the spring of 1967 a program was started of planting trees in areas cut from the sidewalks. An area 30 inches square was cut out of the sidewalk in front of Myers' lots and north of the Brasel property by persons other than Myers. A tree was then planted in the ground at the 30-inch cutout. On June 9 and June 18, 1967, runoff water from a heavy rain entered the hole cut in the sidewalk in front of the Myers property. The flowing water caused the Waverly Hotel retaining wall to give way flooding the cavity and basement of the hotel and causing ensuing damage.

Brasel brought this action for damages against the City of Pierre and Myers. The answer of the city contained several defenses, including a motion to dismiss. Myers' answer to the Brasel complaint denied liability and included a cross claim against the city of full indemnity for any loss for which Myers may be held liable. The reply of the city included a general denial to the Myers claim.

On motions made for summary judgments, the court entered (1) a summary judgment in favor of the city against plaintiffs Brasel; (2) denied Myers' motions for summary judgments dismissing the Brasel complaint and set that issue for trial; and (3) denied Myers' motion for a summary judgment against the city on the Myers cross claim.

■ Myers appeals from the order[1] refusing to grant the motion for summary judgment dismissing the Brasel action and denying the motion to grant a summary judgment against the city on the Myers cross complaint. Brasel appeals from the order[2]

1. The appeal of record is from an order of July 16, 1971, to this effect and from an order of September 10, 1971, denying a motion to vacate the July 16, 1971 order. It is the July 16, 1971 order that is considered here, for it does not appear that the court had a right to vacate its prior order.

2. See note 1.

granting a summary judgment dismissing the Brasel action against the city. While the attempted Myers appeal from the order denying the motion to dismiss the Brasel complaint as against Myers is not a final judgment[3] from which an appeal may be taken to this court as a matter of right, we prefer to base our opinion on another ground which applies to both the Myers and Brasel appeals.

SDCL 15-26-1 states, so far as applicable here, that an appeal may be taken from a judgment. RCP 54(a) states:

" 'Judgment' as used in these rules includes a decree and means the *final* determination of the rights of the parties in an action or proceeding." (emphasis supplied)

RCP 54(b) states:

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a *final* judgment as to one or more but fewer than all of the claims or parties *only* upon an *express* determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the *absence of such determination* and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action* as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating

---

3. SDCL 15-26-1 sets forth the judgments or orders from which an appeal may be taken. It includes "(1) A judgment". Our rule of civil procedure (RCP 56, SDCL 15-6-56) is the same as Federal Rule 56. At Barron and Holtzoff's Federal Practice and Procedure, Rules Edition (Revised by Wright) Vol. 3, § 1242, p. 196, it is stated: "An order denying a motion for summary judgment is merely interlocutory, leaving the case pending for trial, and is not appealable", except as provided in SDCL 15-26-1 subsections (3), (4) and (5), not applicable here. Subsection (6) thereof permits an appeal from any intermediate order, not as a matter of right but of sound judicial discretion. Application for such permission was made by Myers and denied by the court.

all the claims and the rights and liabilities of all the parties." (emphasis supplied)

 The trial court did not enter "an express determination that there is no just reason for delay and * * * an express direction for the entry of judgment." Under RCP 54(b) in the absence of such determination and direction a judgment adjudicating fewer than all the claims, rights and liabilities of fewer than all the parties does not terminate the action and is not a final judgment.

That was the conclusion arrived at in Davis v. Interstate Motor Carriers Agency, 1970, 85 S.D. 101, 112, 178 N.W.2d 204, 210, where this court wrote that:

> "* * * all the authorities agree that absent the two statements required by Rule 54(b) the judgment is not final. The rule further directs that in such event 'the order or other form of decision is subject to *revision* at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' By this rule the trial court retained jurisdiction to revise the judgment."

The Davis opinion followed G. H. Lindekugel & Sons v. South Dakota State Highway Commission, et al., #10537, March 7, 1968 (unreported), where it was written:

> "it appears the action involves multiple claims for relief and multiple parties within the scope of RCP 54(b). Therefore, the intermediate order of the court did not finally terminate plaintiff's action as to any of the claims or parties and such order is subject to revision at any time before the entry of final judgment adjudicating all of the claims and rights and liabilities of all the parties * * *". (This case was later decided on its merits on appeal from a final judgment, G. H. Lindekugel & Sons, Inc. v. South Dakota St. Hy. C., 1972, 87 S.D. 32, 202 N.W.2d 125.)

Acc: Jackson v. Hart, 1970, 3 Cir., 435 F.2d 1293; Chevrolet Local Union No. 659, Etc. v. Reliance Ins. Co., 1970, 21 Mich. App. 123, 174 N.W.2d 924.

The appeals are therefore dismissed.

WOLLMAN and DOYLE, JJ., and CHRISTENSEN, Circuit Judge, concur.

DUNN, J., not participating.

CHRISTENSEN, Circuit Judge, sitting for WINANS, J., disqualified.