SHYROCK, et al., Respondents
v.
MITCHELL CONCRETE PRODUCTS, INC., Appellant
v.
KOPFMANN, Respondent

(212 N.W.2d 498)

(File Nos. 11108-11111. Opinion filed November 13, 1973)

Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiffs and respondents.

Martens, Goldsmith, May, Porter & Adam, Pierre, for defendant, Third-Party plaintiff and appellant.

Woods, Fuller, Shultz & Smith, Sioux Falls, for Third-Party defendant and respondent.

WOLLMAN, Justice.

As a result of a motor vehicle accident that occurred on May 28, 1970, on U.S. Highway 281 in Jerauld County, South Dakota, three personal injury actions and one action to recover damages for wrongful death were filed against Mitchell Concrete Products Co., Inc. (Mitchell Concrete), the owner of one of the motor vehicles involved in the accident. Mitchell Concrete filed a third-party complaint against Ina Kopfmann, the driver of the third vehicle involved in the collision.

Mrs. Kopfmann moved to dismiss the third-party complaints on the ground that on July 16, 1971, she had executed a release to Mitchell Concrete, which release did not contain any reservation of right on behalf of Mitchell Concrete to sue or demand contribution from her. The motion to dismiss was granted and an order was entered in each of the cases stating that the third-party complaint "* * * is hereby dismissed upon the merits with prejudice." Mitchell Concrete has appealed from the orders dismissing the third-party complaint.

Although neither the third-party defendant nor the plaintiffs (who filed a brief asking that at least one of the cases be set for immediate trial) raised the issue, we have concluded that

the appeals must be dismissed because the trial court did not make an express determination that there was no just reason for delay and made no express direction for the entry of judgment upon the orders dismissing the third-party complaints. In the absence of such express determination and direction, the orders are not appealable.* SDCL 15-6-54(b). Brasel v. City of Pierre, 87 S.D. 561, 211 N.W.2d 846; Davis v. Interstate Motor Carriers Agency, 85 S.D. 101, 178 N.W.2d 204; Woodby v. Chesapeake and Ohio Railway Co., 6 Cir., 345 F.2d 668; Fenton v. McCrory Corp., D.C.Pa., 47 F.R.D. 260.

We note the differences between our Rule 54(b) and Federal Rule 54(b). SDCL 15-6-54(b) states that:

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties * * *."

Federal Rule 54(b) states that:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment * * *".

The absence of any specific reference to third-party claims in SDCL 15-6-54(b) does not necessitate an interpretation that such claims are to be treated differently for purposes of appeal under Rule 54(b) than any other claims. SDCL 15-6-54(b) was adopted from the proposed but unadopted 1955 amendment to Federal Rule 54(b), which in turn was based generally on Section 50a of the Illinois Civil Practice Act (Illinois Law 1955, p. 2238, § 1). The Illinois rule (now Illinois Supreme Court Rule 304, Smith-

* We, of course, must raise the question of appealability sua sponte, as we did in Brasel v. City of Pierre, supra. See also Aetna Insurance Co. v. Newton, 3 Cir., 398 F.2d 729; 10 Wright & Miller, Federal Practice & Procedure, § 2660, p. 84.

Hurd Ill.Annot. Stats., Ch. 110A, § 304) has been held to apply to orders dismissing third-party complaints. Bohannon v. Ryerson & Sons, Inc., 15 Ill.2d 470, 155 N.E.2d 585.

Accordingly, the appeals are dismissed.

All the Justices concur.