HULLINGER, et al., Appellants v. PRAHL et al., Respondents

(233 N.W. 2d 584)

(File No. 11522. Opinion filed October 3, 1975)

David A. Gerdes of May, Porter, Adam, Gerdes & Thompson, Pierre, for plaintiffs-appellants.

Ronald G. Schmidt of Schmidt & Schroyer, P. C., Pierre, for defendants-respondents.

COLER, Justice.

This appeal is from an order of dismissal of an action for injunctive relief on a complaint alleging private nuisance in the construction of a highway billboard by defendants partially obstructing the view from vehicles on an arterial highway of the preestablished billboard of plaintiffs. We reverse.

The essential allegation of plaintiffs' complaint is that they had, for several years prior to the commencement of this action, constructed and maintained an advertising billboard for business purposes on privately owned land near the intersection of U. S. Highways 83 and 16 off the Murdo exit from I-90. Plaintiffs claim that defendants had commenced construction of a billboard which upon completion would obstruct a portion of the view to plaintiffs' preexisting sign. Plaintiffs had requested defendants to locate the sign elsewhere on another portion of defendants' land which would not obstruct the view of occupants of motor vehicles using the highway. Defendants refused and plaintiffs brought this action under SDCL 21-10-9.

The main thrust of defendants' motion to dismiss under SDCL 15-6-12(b)(5), "Failure to state a claim upon which relief can be granted", was that plaintiffs had failed to specifically allege an unlawful act or omission in the performance of a duty owing from the defendants to the plaintiffs so as to sustain a nuisance claim under SDCL 21-10-1. Plaintiffs, both here and in the trial court, countered that the phrase "unlawfully doing an act" found in that statute includes acts amounting to a civil wrong.

In this posture we are not surprised that the trial court dismissed the action; however, the determination overlooks the plain language of SDCL 21-10-9, speaking to the right to

injunctive relief and damages for nuisance which provides that "Such remedy also may be used by any person whose property is injuriously affected or whose personal enjoyment is lessened by any nuisance public or private." Further, as to private nuisances arising out of use of real property, it is well settled that revisions made in 1919 set forth in R.C.1919, § 2066 and carried forward, unchanged, to SDC 1939, § 37.4701 and SDCL 21-10-1, did not abolish the concept of duty of an owner of property to use his rights thereon in a manner so as not to infringe on the rights of another. *Johnson v. Drysdale,* 1939, 66 S.D. 436, 285 N.W. 301. Nuisance, "in cases dealing with the otherwise lawful use of property * * * has been universally restricted by a rule of reason." *Johnson v. Drysdale,* 66 S.D. at 440, 285 N.W. at 304.

"Through the operation of this rule of reason, not only is a balance maintained between the right to the enjoyment of property on the one hand and the right to use property on the other, of which we have made reference, but through it also, because what is reasonable is determined in the light of neighborhood uses of property and the trends and changes in such use, as well as in view of the more immediate situation of the parties litigant, the way is opened for the march of civilization. It is in the field of unreasonable use that the law of nuisance is operative. The ultimate question in each cause is whether the challenged use is reasonable in view of all of the surrounding circumstances. Having regard for the needs and methods of defendant, the degree of discomfort and injury occasioned plaintiff in person or in the enjoyment of his property, and the present use and trends of use of surrounding property, if the use made by defendant is not such as an ordinary man would make, and the resulting discomforts and injuries are not such as people of common sensibilities and tastes should be required to endure, the questioned use is unreasonable." *Johnson v. Drysdale,* 66 S.D. at 440, 285 N.W. at 304, citing *Town of Colton v. South Dakota Central Land Co.,* 1910, 25 S.D. 309, 126 N.W. 507, 28 L.R.A.,N.S., 122; other citations omitted.

446

Testing the sufficiency of these pleadings under the standards established by SDCL 15-6-8(a),(e),(f) and treating "as true all facts as properly pleaded in the complaint", *Akron Savings Bank v. Charlson*, 1968, 83 S.D. 251, 158 N.W.2d 523, we must conclude the complaint states a cause of action under SDCL 21-10-1 and 21-10-9. Plaintiffs have alleged the act of the defendants in placement of the billboard was a malicious act and if this cause is pursued we fail to distinguish it from the similar intended act of constructing a spite fence which this court held to constitute a valid cause of action in *Racich v. Mastrovich*, 1937, 65 S.D. 321, 273 N.W. 660.

The order dismissing the action is therefore reversed and this action is remanded to the trial court for hearing on the merits and the parties shall be permitted to file or amend their pleadings as changed circumstances may require, the temporary injunction having been vacated.

All the Justices concur.