BETTELYOUN et al., Appellants v. SANDERS, Respondent

(243 N.W.2d 790)

(File No. 11735. Opinion filed July 2, 1976)

560

Black Hills Legal Services, Inc., **Gregory D. Lewis**, Rapid City, for appellants.

**Robert B. Looby**, Pierre, for respondent.

WINANS, Justice.

This is an appeal from an order of the Circuit Court for the Seventh Judicial Circuit dismissing W. Ray Sanders as a party defendant in the above-entitled action.[1] Plaintiff's claim is that the trial court erred in dismissing W. Ray Sanders, individually. We agree.

Before reaching the merits, there is a matter that must be settled. Defendant urges that this order is not subject to appeal because "the order appealed from in this case is expressly subject to revision at any time before entry of a final judgment determining all claims, rights and liabilities of all parties." Relying on RCP Rule 54(b) Defendant argues that the proper time for appeal in a case involving dismissal of less than all multiple parties is after a resolution of the controversy on the merits by the trial court.

SDCL 15-6-54(b) provides:

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

---

1. The order dismissing W. Ray Sanders reads in part as follows:
    "IT IS HEREBY ORDERED that the name of W. Ray Sanders be stricken from the caption in this matter".

For an order subject to RCP Rule 54(b) to become final, and therefore appealable as a final judgment, two requirements must be satisfied. First, the trial court must make an express determination that there was no just reason for delay; secondly, the trial court must make an express direction for the entry of judgment. Absent that determination and direction in this instance, the order is not appealable as a final judgment. Shryock v. Mitchell Concrete Products, Inc., 1973, 87 S.D. 566, 212 N.W.2d 498; Brasel v. City of Pierre v. Myers, 1973, 87 S.D. 561, 211 N.W.2d 846; Davis v. Interstate Motor Carriers Agency, 1970, 85 S.D. 101, 178 N.W.2d 204.

RCP Rule 54(b) is not dispositive of the issue, however. SDCL 15-26-1 provides:

"Appeals to the Supreme Court from the circuit court, or from the county court except in matters of probate and guardianship, or from the municipal court may be taken as provided in this title from:

(1) A judgment;

(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

(3) An order granting a new trial;

(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment;

(5) An order which grants, refuses, continues, dissolves, or modifies any of the remedies of arrest and bail, claim and delivery, injunction, attachment, garnishment, receivership, or deposit in court;

(6) Any other intermediate order made before trial, any appeal under this subdivision, however, being not

> a matter of right but of sound judicial discretion, and to be allowed by the Supreme Court in the manner provided by rules of such court only when the court considers that the ends of justice will be served by determination of the questions involved without awaiting the final determination of the action or proceeding."

For a judgment or an order of a circuit court to be appealable it must fall within the bounds of one of these subsections. The order in question is not appealable as a judgment under subsection (1). "Judgment" is defined by SDCL 15-6-54(a) as " * * * the final determination of the rights of the parties in an action or proceeding." In a multiple-party action such as this the absence of the determination and direction required by RCP Rule 54(b) prevents the order from being appealable as a final judgment at this time.

Plaintiffs argue that appeal from the trial court's order is allowable pursuant to SDCL 15-26-1(2). Appeals under this subsection are permitted as a matter of right if three requirements are met:

> "First, the order must affect a substantial right; second, the order must in effect determine the action; and third, the order must prevent a judgment from which an appeal might be taken." Northwestern Engineering Co. v. Ellerman, 1943, 69 S.D. 397, 10 N.W.2d 879, 880-81.

See also Anderson v. Nash Finch Wholesale Fruit & Grocery Co., 1974, 88 S.D. 59, 215 N.W.2d 125.

While the order does affect a substantial right, it does not in effect determine the action. SDCL 15-26-1(2) must be read in conjunction with SDCL 15-6-54(b) in a multiple-party action if both statutes are to be given effect. RCP Rule 54(b) provides that

> "any order or other form of decision, however designated, which adjudicates * * * the rights and liabilities of fewer than all the parties shall not ter-

> minate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

By statute the order in this case is subject to revision by the trial court at any time prior to entry of judgment and therefore does not in effect determine the action, nor does it prevent a judgment from which an appeal might be taken. Plaintiff is not entitled to an appeal from this order as a matter of right.

Absent the required determination and direction under RCP Rule 54(b), any order in a multiple-party suit is an intermediate order, even if it appears to adjudicate a separate portion of the controversy. See Wright and Miller, Federal Practice and Procedure, § 2654, at 34 (1973). RCP Rule 54(b), by its own terms, applies only to entry of a final judgment by the court; it does not foreclose appeal of an intermediate order. RCP Rule 54(b) is designed to preclude appeal until there is finality; SDCL 15-26-1(6) is an exception to the finality requirement. The latter statute provides for appeal from "[a]ny other intermediate order made before trial * * * being not a matter of right but of sound judicial discretion." Appeal is allowed for such intermediate orders, "only when the court considers that the ends of justice will be served by determination of the questions involved without awaiting the final determination of the action or proceeding." Plaintiffs assert that the ends of justice require allowance of their appeal at this time. We agree.

■ Defendant contends that even under this statute the appeal must be disallowed, citing In re Weide's Estate, 1952, 74 S.D. 416, 54 N.W.2d 174. In that case this Court considered the appealability of the denial of a motion and held:

> "The order from which the appeal is taken is an intermediate order which requires an order allowing the appeal by the Supreme Court before the appeal becomes effective * * * No application was made for such allowance at the time of taking the appeal. Appellant requests that this court enter an order allowing the appeal

at this time. However, we perceive no reason for so doing. All of the questions which appellant seeks to raise upon this attempted appeal may be raised upon an appeal from an adverse judgment. We are convinced that the ends of justice will be better served by considering the questions which appellant now seeks to raise after a trial of the issues and a decision, upon the merits." (citations omitted)

It is true that the petition required by SDCL 15-26-9 to secure the allowance of appeal from an intermediate order was not filed by Plaintiffs.[2] Failure to file that petition is not necessarily fatal, however.

SDCL 15-26-8 provides:

"When a party shall in good faith give notice of appeal, and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual * * * the Supreme Court or any one of the judges thereof, may permit an amendment, or the proper act to be done * * *."

Notice of appeal from the order in this case was filed and served within the mandates of SDCL 15-26-3 and within the time limit imposed by SDCL 15-26-2. As this Court held in Northwestern Engineering Company v. Ellerman, supra, we acquire jurisdiction to the extent necessary to act upon Plaintiff's request for permission to appeal when notice of appeal is served within the statutory time. "[I]t is the serving of the notice of appeal within the statutory time that confers jurisdiction upon the court * * *." 10 N.W.2d at 881. This jurisdiction extends at least to the point of permitting the performance of "any other act necessary to perfect the appeal or make it effectual" under SDCL 15-26-8. We held in Northwestern Engineering Company v. Ellerman, supra,

---

2.  SDCL 15-26-9 provides:
    "Whenever any party desires to appeal from an intermediate order as provided in subdivision (6) of § 15-26-1, he must serve and file with his notice of appeal a petition for allowance thereof, and must provide the clerk of the court from which such appeal is sought with six additional copies of such petition."

that the act of filing a petition for allowance of appeal from an intermediate order falls within that class of "any other act." It would be pointless, however, to require that such a petition be filed at this stage of the proceedings. "[T]he procedure of requiring plaintiff to make such application, under the facts here presented, would simply be a consumption of time and effort which could add nothing to the facts which now appear in this court." 10 N.W.2d at 881. The allowance of appeal would have been granted if the petition had been filed. Accordingly, no petition is required. See Hornby v. Hornby, 1946, 71 S.D. 418, 25 N.W.2d 237; Reich v. Martin, 1933, 61 S.D. 311, 248 N.W. 495.

■ The practical effect of the order under consideration is to determine all claims made against W. Ray Sanders as an individual adversely to Plaintiffs. Statutes requiring finality as a prerequisite to appeal are geared toward avoiding multiplicity of litigation; to dismiss the appeal in this case would defeat that purpose because we are of the opinion that Defendant as an individual was improperly dismissed. Were the Plaintiffs forced to await the final termination of the action before they could appeal the order of dismissal, the result would be another trial on the same issues and facts. Not only would this result in great inconvenience to all parties involved, it would also unnecessarily add to an already overcrowded judicial system. The ends of justice require that this court allow the appeal at this time and consider the case upon its merits. Northwestern Engineering Company v. Ellerman, supra.

Plaintiffs are tenants of certain rental property which at the time the action was commenced was owned by Ray Sanders Development, Inc. W. Ray Sanders is president of the corporation. Rent on the leased premises, a trailer house in Black Hawk, South Dakota, was $135 per month, plus utilities. The tenancy was on a month-to-month basis.

Plaintiffs originally brought this action against W. Ray Sanders as an individual, later amending their complaint to include Ray Sanders Development, Inc. as codefendant. Plaintiffs allege five causes of action.

1) That on April 3d, 1975, Defendants, or their agents, came and "intentionally, oppressively, and maliciously" shut off the water to the leased premises; that Defendants, or their agents, rendered the furnace inoperable; that these acts, as well as others alleged in the complaint, denied them use of their home and rendered it not fit for human habitation; therefore, Plaintiffs allege breach of the statutory covenant to provide habitable conditions in rented premises under SDCL 43-32-8.

2) That on April 5, 1975, Defendants removed Plaintiff's television from the premises; that Defendants, or their agents, later locked Plaintiffs out of the trailer, thereby denying them possession of their personal property, which Defendants have refused to return; therefore, Plaintiffs allege an action for conversion;

3) In the alternative, Plaintiffs seek to replevy their personal property;

4) That by locking Plaintiffs out of their trailer, Defendants have breached the duty imposed by SDCL 43-32-6 — to provide peaceful possession and quiet enjoyment;

5) That Defendants intentionally, maliciously, and oppressively inflicted emotional and mental distress on Plaintiff, Loretta Bettelyoun.

Defendant did not answer the complaint as amended, but instead moved to dismiss the action on the grounds

"That the Defendant named in this action is not the owner of the property so described in the Complaint and that therefore, is not the proper party in this action."

The motion to dismiss W. Ray Sanders was granted and Plaintiffs appeal, asserting that the dismissal was improper because the complaint alleges that W. Ray Sanders participated individually in alleged wrongdoings.

For the purposes of review of an order granting a motion to dismiss we must assume that all facts properly pleaded in the complaint are true. Hullinger v. Prahl, 1975, 89 S.D. 443, 233 N.W.2d 584; Dunham v. First National Bank in Sioux Falls, 1972, 86 S.D. 727, 201 N.W.2d 227; Akron Savings Bank v. Charlson, 1968, 83 S.D. 251, 158 N.W.2d 523. The grant or denial of a motion to dismiss is not discretionary with the trial court but must be based upon sound legal grounds. If the complaint alleges ultimate facts upon which any relief sought may be granted, the motion to dismiss should be denied. Ambrose v. Harrison Mutual Insurance Association, 1973, Iowa, 206 N.W.2d 683.

The essence of the motion to dismiss is that the complaint fails to state a claim against Defendant because he is not the owner of the property. Taking as true all properly pleaded facts in the complaint, as we must, we are unable to conclude that there is no cause of action against W. Ray Sanders upon which some relief sought could be afforded. The complaint alleges tortious conduct on the part of both Defendants.

"It is true, as defendants suggest, that a director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character. If, however, an officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort." McFeeters v. Renollet, 1972, 210 Kan. 158, 500 P.2d 47, 50.

See also Leonard Duckworth, Inc. v. Michael L. Field & Co., 1975, 5 Cir., 516 F.2d 952, 958-59, where the court held:

"Under general tort and agency law, where an agent commits a tort while acting within the scope of his employment as the agent of another, he will be personally liable in damages, even though his principal is also liable under the doctrine of *respondeat superior* * * * In addition, the particular facts in this case indicate that Field acted in an individual capacity in addition to acting

as president of Field Co., and therefore has incurred liability beyond that of a mere agent."

This general rule has been applied to actions in conversion and to an action for replevin. See Pacific & Atlantic Shippers, Inc. v. Schier, 1969, 109 N.H. 551, 258 A.2d 351; Small v. Bailey, 1962, Ky., 356 S.W.2d 756; Luther v. National Investment Co., 1936, 222 Iowa 305, 268 N.W. 589. See generally W. Fletcher, Cyclopedia of the Law of Private Corporations § 1135 (1965).

If assumed to be true, the facts alleged in the complaint state a cause of action against W. Ray Sanders; whether it be as an individual or as an officer of the corporation, who would be liable individually for torts committed, it is not necessary for us to decide. It is sufficient that if the allegations are proven at trial, Plaintiffs may be entitled to some of the relief sought. We have examined the authorities and arguments considered by both sides and conclude that it was improper for the trial court to dismiss W. Ray Sanders.

Accordingly, the order to dismiss is hereby reversed and the case remanded for entry of an order overruling Defendant's motion to dismiss and for further appropriate proceedings.

DUNN, C.J., concurs.

COLER, J., concurs specially.

WOLLMAN, J., dissents.

COLER, Justice (concurring specially).

I agree with the majority opinion that the order of the trial court striking the name of W. Ray Sanders from the complaint should be reversed. I would do so, however, not on the basis of either SDCL 15-26-1(6) or RCP Rule 54(b).

Respondent's motion to dismiss stated, as grounds therefor:

"That the Defendant named in this action is not the

> owner of the property so described in the Complaint and that therefore, is not the proper party in this action."

Though not identified as such, this motion clearly states a defense under RCP Rule 12(b)(5) (SDCL 15-6-12(b)(5)) in claiming a "Failure to state a claim upon which relief can be granted." RCP Rule 12(b) (SDCL 15-6-12(b)) further states in part:

> "If, on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in § 15-6-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by § 15-6-56."

In addition to a voluminous and detailed complaint the trial court had before it the appellants' request for admissions made pursuant to RCP Rule 36 which sought answers from respondent Sanders to 21 questions. It appears from the record that respondent's answers to these questions were also before the trial court, and, as this constitutes matters outside the pleadings, the trial court erred in failing to proceed in accordance with RCP Rule 56. SDCL 15-6-56. See 2A Moore's Federal Practice ¶¶ 12.01, 12.09. I would reverse on that basis and not imply that this court, under its discretionary authority, is prone to hear an appeal in a case properly adjudicated under RCP Rule 54(b).

WOLLMAN, Justice (dissenting).

I would dismiss the appeal. Shryock v. Mitchell Concrete Products, 87 S.D. 566, 212 N.W.2d 498; Brasel v. City of Pierre, 87 S.D. 561, 211 N.W.2d 846.