**Joseph SOLLID, Plaintiff and Appellant,**

v.

**PENNINGTON COUNTY HOUSING AUTHORITY, Defendant and Appellee.**

No. 13220.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Aug. 26, 1981.

Joseph Sollid, pro se.

J. Crisman Palmer of Gunderson & Palmer, Rapid City, for defendant and appellee.

PER CURIAM.

This is an appeal from an order dismissing, with prejudice, appellant Joseph Sollid's garnishment action. We affirm.

Appellant owns rental property. Because subsidized housing programs have allegedly damaged his rental business, appellant sought to recover lost rent, advertising costs, and utility charges from appellee, Pennington County Housing Authority. Appellant, proceeding pro se, filed a garnishment action naming appellee as principal defendant and as garnishee. Appellee moved to dismiss for failure to state a claim upon which relief could be granted. Appellant moved to amend his complaint and was allowed ten days to amend and to deposit $200 for appellee's attorney fees and costs. Appellant failed to amend his complaint and the action was dismissed with prejudice.

The sole issue on appeal is whether the trial court erred by dismissing appellant's garnishment action. In *Bettelyoun v. Sanders*, 90 S.D. 559, 243 N.W.2d 790 (1976) we said:

> For the purposes of review of an order granting a motion to dismiss we must assume that all facts properly pleaded in the complaint are true. *Hullinger v. Prahl*, 1975, [89] S.D. [443], 233 N.W.2d 584; *Dunham v. First National Bank in Sioux Falls*, 1972, 86 S.D. 727, 201 N.W.2d 227; *Akron Savings Bank v. Charlson*, 1968, 83 S.D. 251, 158 N.W.2d 523. The grant or denial of a motion to dismiss is not discretionary with the trial court but must be based upon sound legal grounds. If the complaint alleges ultimate facts upon which any relief sought may be granted, the motion to dismiss should be denied. *Ambrose v. Harrison Mutual Insurance Association*, 1973, Iowa, 206 N.W.2d 683.

90 S.D. at 568, 243 N.W.2d at 795.

It appears certain that appellant is not entitled to the relief that he seeks in this garnishment action. First, he has none of the requisites of a garnishment action: a main action founded upon contract, a judgment, or an execution against property.* SDCL 21–18–1. See *Fargo v. Schraudenbach*, 40 S.D. 428, 167 N.W. 492 (1918). Second, appellant seeks to have the property of appellee under appellee's control garnished rather than property under the control of or in the possession of a third party. See SDCL 21–18–1, SDCL 21–18–10. Appellant admitted that he was not seeking to garnish anyone, yet when given the opportunity to amend, chose not to. Under these circumstances, the trial court did not err by dismissing the action.

The order appealed from is affirmed.

* See *Stuckers v. Thomas*, 374 F.Supp. 178 (D.S.D.1974).