Gary HALVORSON and Linda Lee Halvorson, Plaintiffs and Appellees,

and

Susan M. Feuerhelm and Susan M. Feuerhelm, Special Administratrix of the Estate of Douglas G. Graves, Deceased, Plaintiff and Appellee,

v.

HURON CULVERT AND TANK CO., a corporation, Defendant, Third Party Plaintiff and Appellant,

v.

WEELBORG BROTHERS, INC., a corporation, Third Party Defendant and Appellee.

Nos. 13316, 13317.

Supreme Court of South Dakota.

Argued May 20, 1981.

Decided Aug. 26, 1981.

Thomas P. Tonner of Maynes, Tonner, Maynes & Tobin, Aberdeen, for plaintiffs and appellees.

Gerald L. Reade of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for defendant, third party plaintiff and appellant.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for third party defendant and appellee; Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on brief.

MORGAN, Justice.

As a result of an explosion, two personal injury actions were commenced against Huron Culvert & Tank Company (Huron Culvert). In turn, Huron Culvert sought indemnity and contribution from Weelborg, Inc., who had paid worker's compensation benefits to the plaintiffs as their employer. On Weelborg's motion the third-party complaint was dismissed and this appeal followed. Although this appeal raised some important legal questions, we fail to reach these questions because the judgment is not ripe for appeal.

■ The dismissal of a third-party complaint is subject to SDCL 15–6–54(b) even if characterized as a motion for summary judgment. *Brasel v. City of Pierre*, 87 S.D. 561, 211 N.W.2d 846, 848 (1973). This provision requires that the trial court

enter "an express determination that there is no just reason for delay and ... an express direction for the entry of judgment." SDCL 15–6–54(b); *Shryock v. Mitchell Concrete Products, Inc.*, 87 S.D. 566, 212 N.W.2d 498 (S.D.1973). Absent a direction and determination, the trial court has not certified that the order is a final judgment and may revise the order any time prior to a final judgment adjudicating the entire case. *Davis v. Interstate Motor Carriers Agency*, 85 S.D. 101, 112, 178 N.W.2d 204, 210 (1970); Wright & Miller, Federal Practice and Procedure, § 2660 at 82–84. The instant judgment is facially insufficient to support appeal at this time because the order lacks an express determination that there is no just reason for delay and an express direction for the entry of judgment.

For this reason, we dismiss the appeal.

All the Justices concur.