2005 SD 50

**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Nicole Marie MULLIGAN, Defendant and Petitioner.**

**No. 23549.**

Supreme Court of South Dakota.

Considered March 10, 2005.

Decided April 20, 2005.

Mark W. McNeary, Walworth Co. Special Prosecutor, Richard L. Russman, Walworth Co. Special Prosecutor, Aberdeen, SD, for plaintiff and respondent.

Melissa E. Neville and Richard A. Sommers of Bantz, Gosch & Cremer, Aberdeen, SD, for defendant and petitioner.

PER CURIAM.

[¶ 1.] Nicole Marie Mulligan filed an untimely petition for intermediate appeal along with a motion to excuse default filing. Because we conclude that the time limit provided in SDCL 15–26A–13 is jurisdictional, and thus cannot be excused, we dismiss the petition.

## FACTS

[¶ 2.] On December 30, 2003, Mulligan was indicted on alternative counts of first degree murder and first degree manslaughter. Mulligan filed a motion in the circuit court to dismiss the indictment on the grounds of prosecutorial misconduct based on the State's alleged failure to disclose exculpatory evidence. On December 22, 2004, the circuit court denied that motion. On January 7, 2005, notice of entry of that order was served upon Mulligan by mail. Thereafter, on February 18, 2005, Mulligan filed a petition for intermediate appeal with this Court seeking to challenge the circuit court's order. She simultaneously filed a motion to excuse her default based on the untimeliness of the petition. The petition was filed twenty nine days after the expiration of the time to perfect an intermediate appeal as set forth in SDCL 15–26A–13.

## ANALYSIS

### ISSUE

[¶ 3.] **Whether the failure to timely file a petition for intermediate appeal deprives this Court of appellate jurisdiction to consider the petition.**

[¶ 4.] "We are required to take notice of jurisdictional questions, whether presented by the parties or not. The appellate jurisdiction of this Court will not be presumed but must affirmatively appear from the record." *Double Diamond v. Farmers Co-op. Elevator*, 2003 SD 9, ¶ 6, 656 N.W.2d 744, 746. "To determine whether the statutory grant of appellate jurisdiction has been met, the rules of statutory interpretation apply." *Id.* ¶ 7. SDCL 15–26A–13 provides that a petition for intermediate appeal "may be sought by filing a petition for permission to appeal ... with the clerk of the Supreme Court *within ten days after notice of entry of such order.*" SDCL 15–26A–13 (emphasis added).

[¶ 5.] This Court has not explicitly held that the failure to timely file a petition for discretionary appeal deprives the Court of jurisdiction to consider that request. However, we have stated "we acquire jurisdiction to the extent necessary to act upon Plaintiff's request for permission to appeal when notice of appeal is served *within the statutory time.*" *Bettelyoun v. Sanders,* 90 S.D. 559, 243 N.W.2d 790, 794 (S.D.1976)(allowing intermediate appeal to proceed when notice of that appeal was timely filed although not accompanied by necessary supporting documents). Analogously, it is settled law that the failure to timely file a notice of appeal is a jurisdictional defect. *DuBray v. South Dakota Department of Social Services,* 2004 SD 130, ¶ 29, 690 N.W.2d 657, 666; *Stumes v. Delano,* 508 N.W.2d 366, 373 (S.D.1993); *Long v. Knight Const. Co. Inc.,* 262 N.W.2d 207, 209 (S.D.1978). Because the time requirement contained in SDCL 15–26A–13 is mandatory and there is no exception provided in the appellate rules, we conclude that the time limit contained in SDCL 15–26A–13 to petition for intermediate appeal is also a jurisdictional requirement. If that requirement is not met it deprives the Court of appellate jurisdiction to consider the merits of the petition.

[¶ 6.] This determination is consistent with the approach of the federal courts which uniformly treat the intermediate appeal time limit found in 28 U.S.C.A. § 1292(b) as a jurisdictional requirement. *See Consul General of the Republic of Indonesia v. Bill's Rentals, Inc.,* 251 F.3d 718, 720 (8th Cir.2001) (dismissing appeal when application for intermediate appeal was not filed within ten days); *Carr Park, Inc. v. Tesfaye,* 229 F.3d 1192, 1194 (D.C.Cir.2000)(holding failure to file the petition within ten days deprives the appellate court of jurisdiction). *See also* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3929 at 376–77 *Permissive Interlocutory Appeals* (2d ed 1996 & Supp 2004). As one court has observed, "[t]his rule is not arbitrary but functional. It helps to preserve the respect due trial judges by minimizing appellate-court interference. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals and it hence is crucial to the efficient administration of justice." *Kenyatta v. Moore,* 744 F.2d 1179, 1182 (5th Cir.1984) (internal citations omitted).

[¶ 7.] Accordingly, we hold that the failure to timely file a petition for intermediate appeal is a jurisdictional defect requiring the Court to dismiss the petition. Petition dismissed.

[¶ 8.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.