KONENKAMP, Justice
(concurring specially).
[¶ 17.] I concur with the Court’s opinion and write to express a few thoughts on the process whereby a right to appeal, long expired, may be revived. This revival process, invoked only in criminal cases, must be labeled for what it is: a juridical “ruse.”[4] There is no statutory provision that permits it, although by constitutional necessity it must exist.
[¶ 18.] South Dakota is an appeal-of-right state. Anyone convicted of a misdemeanor or felony, whether by trial or plea, has an absolute right to appeal the conviction. Appeals to the Supreme Court must be taken within thirty days. SDCL 23A-32-15. This time limitation is mandatory and jurisdictional: it cannot be waived or extended by agreement or failure to object. Whether it is a criminal or civil action, our appellate jurisdiction is conferred purely by the Legislature. S.D. Const. Art. V, sec. 5. Failure to timely appeal is a jurisdictional defect mandating dismissal. State v. Mulligan, 2005 SD 50, ¶ 5, 696 N.W.2d 167, 169 (citations omitted). South Dakota courts have no authority to grant a right of appeal that has been lost because of non-compliance with jurisdictional requirements.
[¶ 19.] How, then, in a case such as this, are courts empowered to revive a lost right to appeal when a lawyer fails to timely perfect the appeal of a criminal defendant’s case? Our interpretation of Flores-Ortega today merely provides the standard for determining whether a defendant received ineffective assistance of counsel depriving the defendant a right to appeal that would otherwise have been exercised. No statutory remedy is available in South Dakota once it is found that a right to appeal has been lost through ineffective assistance of counsel. Federal law, in the view of most federal circuits, provides a remedy for this situation. In addition to the power of a federal judge to extend the time of appeal for “excusable neglect or good cause,” Federal Rules of Appellate Procedure Rule 4(b)(4), federal courts have interpreted 28 U.S.C. 2255 to allow a court to “vacate” the original sentence so that it may be reimposed and a new appeal time created.[5] See United States v. Shedrick, 493 F.3d 292, 303 (3dCir.2007); United States v. Garrett, 402 F.3d 1262, 1266-67 (10thCir.2005); United States v. Snitz, 342 F.3d 1154, 1159 (10thCir.2003); United States v. Phillips, 225 F.3d 1198, 1200-01 (11thCir.2000). After the original sentence is vacated and the same sentence reimposed, the defendant is advised of his or her right to appeal. Phillips, 225 F.3d at 1201. By vacating and reimposing the original sentence, a new time limit to perfect an appeal is set. See Fed.R.App.P. 4(b)(1)(A).
[¶ 20.] South Dakota has no similar statute. Perhaps it should. Absence of *535 legislative authority has been a long standing problem. As this Court noted more than two decades ago in Loop v. Solem, “[w]e have no statutory provision for ‘out-of-time’ appeals.” 398 N.W.2d 140, 144 (S.D.1986). Other states have enacted laws to allow for delayed appeals when a person has been denied the right to appeal through a constitutional violation. See, e.g., Tenn.Code Ann. 40-30-113 (2003).[6] Despite the absence of a statute, however, we have at least acknowledged the use of a similar remedy in our courts, albeit without authority. See State v. Hoeft, 1999 SD 24, ¶ 9, 594 N.W.2d 323, 325-26; State v. Williamson, 86 S.D. 485, 490, 198 N.W.2d 518, 521 (1972). In my years on the bench, I have seen this procedural device used several times to revive expired criminal appeals. Necessity requires it. Our highest duty is to the Constitution. A constitutional right to appeal one’s conviction becomes a hollow pretense without the cognate constitutional right to effective assistance of counsel. When ineffective attorneys deny their clients the right to appeal in violation of the constitution, the courts must find a solution. Until our Legislature enacts a statutory remedy, therefore, we must perpetuate our juridical ruse.
[¶ 21.] In the meantime, in order to standardize our procedure for out-of-time appeals and provide guidance to the bench and bar on what to do after a defendant has been unconstitutionally denied the right to appeal, we should adopt an approach similar to what the federal courts and some state courts are using.[7] The remedy can be effected in a circuit court in the following way: “(1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised [of] the time for filing a notice of appeal from that reimposed sentence^]” See Phillips, 225 F.3d at 1201; SDCL 23A-32-15.
[¶ 22.] Whether the defendant’s actual presence is required at the re-sentencing hearing remains an open question. Some courts hold that the defendant does not need to be present. See United States v. Parrish, 427 F.3d 1345, 1347-48 (11thCir.2005). After all, the original sentencing court will simply be performing the quasi-clerical task of vacating and reimposing the same sentence. However, the Due Process Clause requires an accused to be present at all critical stages of criminal proceedings, and South Dakota law specifically requires defendants to be present at sentencing. U.S. Const. Amend. XIV; SDCL 23A-39-1. In my view, the safer procedure would be to require the defendant’s presence at the re-sentencing. At the least, this would assure that appeal rights and time limits are fully explained in person and on the record.

. See 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.9 (2008).

. Under 28 U.S.C.A. 2255, a federal court may “vacate and set the judgment aside and [] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate” if the court finds "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]”

. The Tennessee statute provides in relevant part:
(a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for such review, the judge can:
(1) ... [Gjrant a delayed appeal[.] (Emphasis added.).

. See, e.g., Middlebrook v. State, 815 A.2d 739, 743 (Del.2003).