962 F.2d 244
 58 Fair Empl.Prac.Cas. (BNA) 1334,
58 Empl. Prac. Dec. P 41,479, 60 USLW 2719
 Lawrence F. TRANELLO, Plaintiff-Appellee--Cross-Appellant,
v.
Thomas R. FREY, individually, and as Monroe County
Executive, Patrick M. Malgieri, individually, and
as the Monroe County Attorney, County of
Monroe,
Defendants-
Appellants-
-Cross-Appellees.
 Nos. 883, Dockets 91-7944, 91-7946.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 14, 1992.
Decided May 1, 1992.
 
 Nira T. Kirmisch, Rochester, N.Y., for plaintiff-appellee-cross-appellant.
 J. Mark Krause, Rochester, N.Y. (Gerald L. Paley, Phillips, Lytle, Hitchcock, Blaine & Huber, of counsel), for defendants-appellants-cross-appellees.
 Samuel A. Marcosson, Washington, D.C. (Donald R. Livingston, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Vincent J. Blackwood, Asst. Gen. Counsel, E.E.O.C., of counsel), filed a brief for amicus curiae.
 Before FEINBERG and MINER, Circuit Judges, and PATTERSON, District Judge.*
 MINER, Circuit Judge:
 
 
 1
 This appeal pertains to an order granting partial summary judgment entered in the United States District Court for the Western District of New York (Larimer, J.). The order granted defendants' motion for summary judgment on plaintiff Deputy County Attorney's claims that defendants County and County officials violated the First, Fourth, Fifth and Fourteenth Amendments of the Constitution, 42 U.S.C. §§ 1981, 1983 and 1985, and breached an employment contract, by terminating plaintiff's employment on the basis of political affiliation and age, and without proper notice. The order denied summary judgment on a claim that defendant County violated the Age Discrimination in Employment Act ("ADEA"), see 29 U.S.C. § 621 et seq., by terminating plaintiff's employment because of age. Summary judgment was granted in favor of the two individual defendants on the ADEA claim, however, because the district court found that neither of these individuals could be considered an "employer," as defined in ADEA, 29 U.S.C. § 630(b).
 
 
 2
 Plaintiff-appellee-cross-appellant Thomas F. Tranello, a Republican, was a Deputy County Attorney for defendant-appellant-cross-appellee Monroe County. In 1987, a Democrat, defendant-appellant-cross-appellee Thomas R. Frey, was elected Monroe County Executive. Frey appointed another Democrat, defendant-appellant-cross-appellee Patrick M. Malgieri, as County Attorney after assuming office. Shortly after Malgieri took office, he terminated Tranello's employment. Tranello commenced this action in the district court, alleging that he was fired because of his political affiliation and age, and without any pretermination hearing. The district court granted defendants' motion for summary judgment, by an order dated and filed March 13, 1991, on all but the ADEA claim asserted against defendant Monroe County.
 
 
 3
 By order dated and filed July 29, 1991, the district court granted the County's application for certification pursuant to 28 U.S.C. § 1292(b), thereby enabling the County to seek permission to appeal the denial of summary judgment on the ADEA claim. By notice of motion dated August 8, 1991, the County sought permission from this Court for leave to appeal, pursuant to section 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure. Thereafter, Tranello, by notices of motion dated August 16, 1991, sought leave of this Court to file a late answer to the County's petition for leave to appeal and applied, on the basis of an untimely filed cross-petition, for leave to appeal the district court's grant of summary judgment for defendants on the various causes of action asserted in the complaint. On October 1, 1991, this Court granted both of Tranello's motions, and also granted the County's request for leave to appeal.
 
 
 4
 For the reasons stated below, we now hold that permission for Tranello to file a late cross-petition and for leave to appeal was improvidently granted and therefore dismiss for lack of jurisdiction his cross-appeal challenging the portion of the district court's order granting summary judgment for defendants. We affirm the portion of the district court's order, timely appealed from by the County, denying the County's motion for summary judgment on the ADEA claim.
 
 BACKGROUND
 
 5
 Lawrence Tranello began work for the County of Monroe in 1972 as Assistant Social Services Counsel in the Department of Social Services ("DSS"). In this position, Tranello mainly handled paternity and child support matters. Tranello became Chief Counsel to the DSS in 1974, but shortly thereafter was demoted to his previous position. In 1977 he was assigned to the DSS Support Unit.
 
 
 6
 In 1985 the attorneys in the Support Unit were placed under the supervision of the Monroe County Attorney, and new positions were created within the Department of Law as part of a reorganization authorized by the County Legislature. In that same year Tranello was appointed to the position of Deputy County Attorney, Grade II. The County Civil Service Commission classified the Deputy County position as "exempt," in contrast to the "competitive" civil service status Tranello maintained prior to his appointment. See generally N.Y.Civ.Serv.Law §§ 41 and 44 (McKinney 1983). The then County Attorney, Charles Valenza, a Republican, designated Tranello "in charge" of supervising the other paternity and support attorneys within the Department; Tranello remained in this supervisory role until his termination in January 1988.
 
 
 7
 In November 1987, the political winds changed direction in Monroe County. Thomas Frey, a Democrat, defeated the Republican incumbent and became Monroe County Executive. After assuming office, Frey appointed Patrick Malgieri, a Democrat, to replace Valenza as County Attorney. Prior to assuming office, Malgieri allegedly was informed by Democrat Margaret Burt, at the time a public defender and an applicant for the position of Deputy County Attorney, that the Support Unit run by Tranello was poorly supervised and inefficient. (Burt now holds the position of Deputy County Attorney.) Shortly after Malgieri assumed office on January 1, 1988, he informed Tranello that he was being terminated as Deputy County Attorney for the purported reason that Tranello inadequately supervised the Support Unit.
 
 
 8
 Tranello filed charges with the Equal Employment Opportunity Commission and the New York State Division of Human Rights, alleging age discrimination. He also commenced this action in the district court claiming, inter alia, that he was fired because of his political affiliation, his age, and without a pretermination hearing, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, 42 U.S.C. §§ 1981, 1983 and 1985, ADEA, and in breach of his employment contract. See Tranello v. Frey, 758 F.Supp. 841, 843 (W.D.N.Y.1991).
 
 
 9
 Defendants moved for summary judgment, arguing: (i) the First Amendment and ADEA claims should be dismissed because a deputy county attorney falls within the "policymaking" exemptions; (ii) defendants enjoy qualified immunity; (iii) no property interest existed to support a due process claim; and (iv) there could be no breach of contract, since Tranello was an employee "at will" under New York law. Tranello cross-moved for summary judgment on the various claims asserted in his complaint. The district court, by order dated March 13, 1991, granted summary judgment for defendants on (i) the First Amendment claim, as Tranello's position fell within a category that is exempt from First Amendment protection, and, alternatively, on qualified immunity grounds; (ii) the due process claim, because Tranello lacked a discernable property interest; (iii) the section 1983 and 1985 claims, because ADEA preempted these claims; (iv) on the breach of contract claim, since an employment at will relationship existed; and (v) on the remaining constitutional claims, as without foundation. The district court denied the motion for summary judgment sought by defendant Monroe County on the ADEA claim, finding inapplicable the ADEA exception for "appointee[s] on the policymaking level", see 29 U.S.C. § 623(a)(1). The court did, however, grant the two individual defendants summary judgment on the ADEA claim, holding that the individuals fell outside the definition of "employer" set forth in 29 U.S.C. § 630(b). The district court denied in all respects Tranello's cross-motion for summary judgment on the various claims asserted in his complaint.
 
 
 10
 By order dated July 29, 1991, the district court, pursuant to 28 U.S.C. § 1292(b), granted defendant Monroe County's request for permission to pursue an interlocutory appeal of the denial of summary judgment on the ADEA claim and certified "its March 13, 1991 Decision and Order for an interlocutory appeal to the Second Circuit Court of Appeals." The County then filed in this Court a Notice of Motion, dated August 8, 1991, requesting permission for leave to appeal pursuant to section 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure. By Notices of Motion dated August 16, 1991, Tranello requested permission to file a late answer to the County's petition for leave to appeal and sought permission for leave to appeal, on an untimely filed cross-petition, the district court's grant of summary judgment on all but the ADEA claim asserted against the County. On October 1, 1991, a panel of this Court allowed Tranello to file a late answer to the County's petition for leave to appeal, granted the County's motion for permission for leave to appeal, and granted Tranello's motion for leave to appeal on his untimely filed cross-petition.
 
 DISCUSSION
 I. Jurisdiction
 
 11
 Before proceeding to the merits of this appeal, we are faced with a question concerning the jurisdiction of this Court to hear the various issues raised by Tranello on his cross-appeal. "Section 1292(b) provides a means of appealing from interlocutory orders that are otherwise non-appealable, upon consent of both the district court and the court of appeals ...," see Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 23 (2d Cir.1990), where "question[s] of law" are presented, see Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir.1991). The section provides, in pertinent part, as follows:
 
 
 12
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals ... may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.
 
 
 13
 28 U.S.C. § 1292(b) (emphasis added).
 
 
 14
 Section 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure clearly provide that permission to appeal an interlocutory order must be sought "within ten days after the entry of the order." See 28 U.S.C. § 1292(b); Fed.R.App.P. 5. The plain language of section 1292(b) and Rule 5 makes it apparent that the ten-day window is mandatory, not discretionary. No exception to this rule is set forth in either provision, nor is there any indication that courts are free to enlarge this period under circumstances such as those revealed here. It is beyond the power of this Court to enlarge the period within which certification can be sought in order to provide for a broader time-frame than that already established by statute. See Fed.R.App.P. 26(b) (prohibiting court of appeals from enlarging the time to file a petition for permission to appeal); see also Benny v. England (In re Benny), 812 F.2d 1133, 1136 (9th Cir.1987) (court of appeals "has no authority to extend the ten-day time limit").
 
 
 15
 In the instant case Tranello moved for leave to cross-appeal on August 16, eighteen days after the district court's July 29 certification. Tranello previously had not made a motion to certify the district court's order for immediate appeal. The district court did, however, certify its entire March 13, 1991 order for immediate appeal, finding that resolution of any of the "controlling questions of law" would "materially advance the ultimate termination of the litigation." The failure to file the petition for permission to cross-appeal within the time provided is a jurisdictional defect, barring this Court from hearing Tranello's cross-appeal. Rodriguez v. Banco Central, 917 F.2d 664, 668 (1st Cir.1990); Myles v. Laffitte, 881 F.2d 125, 126 (4th Cir.1989); Benny, 812 F.2d at 1136. See also Truck Drivers Local Union No. 807 v. Bohack Corp., 541 F.2d 312, 316-17 (2d Cir.1976). The district court properly certified for appeal its order ruling on the motions for summary judgment, but only the county timely sought permission in this Court to appeal. The County's motion for permission to appeal did not purport to encompass the claims on which defendants were awarded summary judgment. Therefore, jurisdiction exists to hear only the appeal from the denial of summary judgment on the ADEA cause of action, not the claims raised on Tranello's cross-appeal.
 
 
 16
 In accordance with the foregoing, we hold that permission was improvidently granted under Rule 5 for Tranello's late cross appeal. Since this Court does not have the authority to enlarge the statutory time period within which interlocutory appeal may be sought, and Tranello failed to comply with either section 1292(b) or Fed.R.App.P. 5, we lack jurisdiction to consider the issues Tranello raises on cross-appeal.
 
 II. Dismissal of ADEA claim
 
 17
 ADEA protects "employees" over age 40 by forbidding an employer from "discharg[ing] any individual ... because of such individual's age." 29 U.S.C. § 623(a). In defining those protected, the Act provides as follows:
 
 
 18
 The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.
 
 
 19
 Id. § 630(f) (emphasis added). Relying on this Court's decision in E.E.O.C. v. Vermont, 904 F.2d 794 (2d Cir.1990), the district court held that Tranello, as Deputy County Attorney, was not an excepted appointee of an elected official on the policy-making level, and hence was an employee eligible for ADEA coverage. See Tranello, 758 F.Supp. at 849-50. The court therefore denied Monroe County's motion for summary judgment on the ADEA claim.
 
 
 20
 The County argues on appeal that the district court erred by refusing to grant summary judgment on the ADEA claim. It asserts that Tranello was a "policymaker," and therefore excluded from the definition of employee and ADEA coverage. The County claims that it was error for the district court to impose a requirement that Tranello must be "an appointee of an elected official" to fall within section 630(f)'s policymaker exception. It further contends Tranello falls within the exception to coverage since there is no "plain statement" from which "anyone reading [ADEA] would conclude that the individual in question is ... covered by the Act and not by the exception." Gregory v. Ashcroft, --- U.S. ----, 111 S.Ct. 2395, 2404, 115 L.Ed.2d 410 (1991) (state judges appointed by governor, as "constitutional officers" of state, not covered by ADEA when it was not "plain to anyone reading the Act that it covers judges"). We disagree with the County's contentions, and accordingly affirm the part of the district court's order denying the County's motion for summary judgment on the ADEA claim.
 
 
 21
 Section 630(f) "excepts two broad groups [of employees] from the protection of [ADEA]. The first group is composed of elected officials of a state or its political subdivisions; the second group is composed of certain, though not all, of the persons appointed by those elected officials." Vermont, 904 F.2d at 797 (emphasis added) (state judges not within ADEA policy-making exception because they do not work closely with governor who appoints them). Although the Supreme Court in Gregory effectively overruled Vermont's specific holding that ADEA protects appointed state judges, see Gregory, 111 S.Ct. at 2404, it cast no shadow on this Court's conclusion that section 630(f) applies only to persons appointed by elected officials. In point of fact, the state judges in Gregory were appointed by the Governor, an elected official. See id. at 2398. The majority opinion in Gregory does not discuss the issue that is presently before us. Justice White, however, forcefully noted in his concurrence that the exception encompasses "persons appointed by elected officials ... on the policymaking level." See id. at 2412 (emphasis added).
 
 
 22
 In this case, Tranello was appointed by the County Attorney, who in turn had been appointed by the County Executive, an elected official. Because Tranello was appointed by another appointed official, and not appointed by an elected official, his position as Deputy County Attorney does not fall within section 630(f), regardless of whether the position was "on the policymaking level." See Mareno v. County of Westchester, No. 91-Civ.-2560, slip op. at 9, 1991 WL 340566 (S.D.N.Y. November 12, 1991) (assistant county attorney does not fall within exception because not appointed by an elected official); Wanner v. Kansas, 766 F.Supp. 1005, 1009 (D.Kan.1991) (assistant director of architectural services not within section 630(f) as he was appointee of appointed director); cf. Anderson v. City of Albuquerque, 690 F.2d 796, 800-01 (10th Cir.1982) (construing virtually identical Title VII exception [42 U.S.C. § 2000e(f) ] to require appointment by elected official to fall within policymaking exception).
 
 
 23
 This interpretation is supported by the language of the statute. The statute exempts "[i] any person elected to public office ..., or [ii] any person chosen by such [elected] officer to be on such officer's personal staff, or [iii] an appointee on the policymaking level or [iv] an immediate advisor with respect to ... powers of the office." 29 U.S.C. § 630(f). Categories [i], [ii] and [iv] plainly contemplate exemption for persons with a direct relationship to an elected official. While category [iii] does not contain clear language specifically stating that an appointee must be directly appointed by an elected official to fall within section 630(f), the placement of category [iii] in the middle of a statute primarily exempting elected officials from ADEA coverage strongly indicates that this provision must be read to require appointment by an elected official. See Vermont, 904 F.2d at 798.
 
 
 24
 There is little legislative history helpful to interpreting section 630(f). The definition of "employee" found in ADEA, however, was patterned after the virtually identical provision contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(f), and we therefore look to the legislative history of that provision for guidance. Vermont, 904 F.2d at 798. The legislative history of § 2000e(f) lends further support to our conclusion. The Joint Explanatory Statement submitted to the House and Senate interprets the language that was ultimately adopted as exempting "elected officials and members of their personal staffs, and persons appointed by such elected officials as advisors or to policymaking positions...." Conference Report on H.R. 1746, 92nd Cong., 2d Sess. 2 (1972), reprinted in 1972 U.S.C.C.A.N. 2137, 2179, 2180 (emphasis added). See Anderson, 690 F.2d at 800-01 (section 2000e(f) policymaking exception requires appointment by elected official). The Statement also provides that the exemption should be "narrowly construed." Id. Given the parallel language used in section 2000e(f) and section 630(f), the legislative history helps to persuade us that the exception was intended to apply only to direct appointees of elected officials. We reaffirm our adherence to the sound conclusion reached on this issue in Vermont, and "conclude that both the evolution of the exception and the direction that it be construed narrowly support our interpretation that by excluding appointees on the policymaking level, Congress meant to deny ADEA protection only to such appointees as would normally work closely with and be accountable to the official who appointed them." Vermont, 904 F.2d at 800. The County points us to no authority that persuades us to cast the exception net as wide as it now suggests.
 
 
 25
 Defendant's reliance on Monce v. San Diego, 895 F.2d 560, 561 (9th Cir.1990), E.E.O.C. v. Reno, 758 F.2d 581, 583 (11th Cir.1985), and Ramirez v. San Mateo County, 639 F.2d 509, 512 (9th Cir.1981), is misplaced. While those cases held that assistant or deputy county attorneys are members of a county attorney's personal staff, or are appointees on the policymaking level, those cases involved county attorneys who were elected, not appointed, to their respective positions. The instant case is clearly distinguishable, since we deal here with an appointed County Attorney.
 
 
 26
 The County also argues that while the County Attorney has the authority to appoint Deputy County Attorneys, this can be done only with the approval of the County Executive, who is an elected official. "Therefore," the County argues, "the appointment of plaintiff was by an elected official." We reject this attempt to characterize Tranello's appointment as being by an elected official as an overly strained effort to exclude Tranello from the coverage of the ADEA. "[T]he language and structure of the definition of 'employee' suggest that Congress meant the policymaker category to comprise only policymakers working closely with the elected official." Vermont, 904 F.2d at 798. That is why the scope of the statutory exception is limited to persons appointed by elected officials. The mere fact that the County Executive must approve the County Attorney's appointee does not convince us that the appointee would be a "policymaker working closely with the elected official," and does not compel the conclusion that the Deputy County Attorney is an appointee of the County Executive. We refuse to stretch the language and purpose of the exception to reach so broadly, lest the exception swallow the rule and defeat the statutory purpose.
 
 
 27
 Finally, the County spends much time arguing that in analyzing section 630(f), this Court should apply the standard set forth by the Supreme Court in Gregory. In deciding whether state judges appointed by the governor were covered by the ADEA, the Gregory Court required that it be "plain to anyone reading the Act that it covers judges." Gregory, 111 S.Ct. at 2404. The Court reasoned that judges were "constitutional officers" of the state, and the process of choosing who will serve as a judge is part of "how a State defines itself as a sovereign." Id. at 2400. Since interference with that process "would upset the usual constitutional balance of federal and state powers," id. at 2401, the Court applied a "plain reading" test in interpreting section 630(f)'s application. The County argues that Gregory requires application of the "plain reading" test in the case at hand.
 
 
 28
 We find Gregory to be inapposite to the case at hand. The Gregory court concluded that "[i]n the context of a statute that plainly excludes most important state public officials, 'appointee on the policymaking level' is sufficiently broad that we cannot conclude that the statute plainly covers appointed state judges." Id. at 2404. "In light of the ADEA's clear exclusion of most important public officials [in section 630(f) ]," the Supreme Court found it to be "at least ambiguous whether Congress intended that appointed judges nonetheless be included." Id. at 2406. We need not decide, despite defendant's urging, whether the "plain reading" rule applies to ADEA coverage of this Deputy County Attorney in the same manner the Supreme Court applied it to state judges, appointee of an elected official. Tranello is neither an elected public official nor an appointee of an elected public official. He clearly does not fall within the ADEA exclusion.
 
 CONCLUSION
 
 29
 We affirm the portion of the district court order denying the County's motion for summary judgment on Tranello's ADEA claim. We dismiss for lack of jurisdiction Tranello's cross-appeal challenging the portion of the district court's order granting summary judgment in favor of defendants.
 
 
 
 *
 Hon. Robert P. Patterson, Jr., United States District Judge for the Southern District of New York, sitting by designation