**Martin P. BRAAKSMA, Plaintiff,**

v.

**WELLS COMMUNITY HOSPITAL, and The Board of Trustees of Wells Community Hospital, Defendants.**

**No. 1:00CV29.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

May 25, 2000.

Thomas M Kimbrough, Barrett and McNagny, Fort Wayne, IN, for Thomas M Kimbrough, mediator.

G Martin Cole, David E Bailey, Rothberg and Logan, Fort Wayne, IN, for Martin P Braaksma, plaintiff.

Stephen W Lyman, Hall Render Killian Heath and Lyman, Indianapolis, IN, for Wells Community Hospital, Board of Trustees of Wells Community Hosp., defendants.

### ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a "Motion to Dismiss Defendants' Counterclaim", filed by the plaintiff, Martin P. Braaksma ("Braaksma"), on March 17, 2000. The defendants, Wells Community Hospital and the Board of Trustees of Wells Community Hospital (collectively referred to herein as "Wells Hospital"), filed their response on May 3, 2000, to which Braaksma replied on May 15, 2000. For the following reasons, Braaksma's motion to dismiss will be granted.

### Motion to Dismiss

"Dismissal for failure to state a claim upon which relief can be granted is appro-

priate where a review of the [counterclaim], taking all factual allegations in the [counterclaim] as true, reveals that no viable cause of action exists." *Beam v. IPCO Corporation,* 838 F.2d 242, 244 (7th Cir. 1988). When ruling on a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, this court is "entitled to consider exhibits attached to the [counterclaim] as part of the pleadings." *Id.*

### Discussion

In his complaint filed on January 14, 2000, Braaksma alleges that Wells Hospital violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* In its counterclaim filed on March 3, 2000, Wells Hospital claims that Braaksma's complaint asserts claims and other potential causes of action that were released and discharged by him in exchange for the consideration paid to and accepted by him pursuant to the terms of an Memorandum of Agreement ("Agreement") entered into between the parties on January 28, 1998. Thus, Wells Hospital claims that Braaksma has breached the Agreement by virtue of initiating the present lawsuit. Wells Hospital also claims that Braaksma, while acting as the Chief Executive Officer of Wells Community Hospital was not an employee as defined in the ADEA, 29 U.S.C. § 630(f), and is excepted from coverage under the ADEA, pursuant to 29 U.S.C. § 630(f), and is not protected by the ADEA's prohibitions against age discrimination.

In support of his motion to dismiss, Braaksma first argues that he did not validly release his ADEA claim because the release provision of the Agreement does not comply with the requirements of the Older Worker's Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1), which provides in pertinent part:

(f) Waiver

(1) An individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary. Except as provided in paragraph (2), a waiver may not be considered knowing and voluntary unless at a minimum—

(A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;

(B) the waiver specifically refers to rights or claims arising under this chapter;

(C) the individual does not waive rights or claims that may arise after the date the waiver is executed;

(D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;

(E) the individual is advised in writing to consult with an attorney prior to executing the agreement;

(F)(i) the individual is given a period of at least 21 days within which to consider the agreement; or

(ii) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the individual is given a period of at least 45 days within which to consider the agreement;

(G) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired . . .

Braaksma points out that with respect to a claim brought under the ADEA, a release that fails to comply with the OWBPA is of no effect and is unenforceable. *Oubre v. Entergy Operations, Inc.,* 522 U.S. 422, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998). Braaksma argues that the Agreement failed to specifically refer to the ADEA, and failed to set forth a seven-day revocation period and is unenforceable for these reasons. *See* 29 U.S.C. § 626(f)(1)(B), (G).

In response, Wells Hospital concedes that if Braaksma is covered by the ADEA and has an actionable claim under the ADEA, then the Agreement would not prevent him from bringing this action under the ADEA. However, Wells Hospital argues that Braaksma is not covered by the ADEA because he was not an "employee" as defined by the ADEA, and because the ADEA does not apply to political subdivisions such as the Wells Community Hospital.

Braaksma, in turn, argues that the requirements of the OWBPA apply regardless of whether he is an employee under the ADEA. According to Braaksma, the anti-waiver provisions of the OWBPA extend to all individuals, not just those who are employees as defined by the ADEA. Braaksma points out that the OWBPA uses the term "individual" rather than the term "employee", raising the implication that the requirements which apply to the waiver of an ADEA claim apply to age claims brought by all people, not just by those people who are employees as defined by the ADEA. Braaksma acknowledges that there are no cases on this point.

Braaksma's argument is not supported by the language of the statute. 29 U.S.C. § 626(f)(1) provides that "[a]n individual may not waive any right or claim *under this chapter* unless the waiver is knowing and voluntary." The chapter referred to is Chapter 14 of Title 29, entitled Age Discrimination in Employment, which sets forth the ADEA's prohibitions against age discrimination. Clearly then, the portion of the statute setting forth requirements for a valid waiver of rights only refers to rights under the ADEA, and rights under the ADEA only arise when an individual is a covered "employee".

Braaksma next argues that he is an "employee" as defined by the ADEA. The ADEA defines an "employee" as follows:

The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate advisor with respect to the exercise of the constitutional or legal powers of the office.

29 U.S.C. § 630(f). The parties agree that the Wells Community Hospital is a political subdivision of the State of Indiana. *See Ind.Code* § 16–22–2–24. Thus, the sole issue is whether the exception for "an appointee on the policymaking level" in § 630(f) includes any appointee of a political subdivision or only appointees who are appointed by an elected official. Wells Hospital notes that Indiana law provides that the governing board of County hospitals "shall appoint an executive director ..." *Ind.Code* § 16–22–3–8. Thus, the parties agree that Braaksma was an appointee on the policymaking level. Braaksma, however, argues that the exception does not apply to him because he was not appointed by an elected official. Rather, Braaksma was appointed by the Board of Trustees, who were appointed by the County Executive. As Braaksma has pointed out, every court to consider the issue has decided that the exception only applies when the plaintiff was appointed by an elected official.

In *Tranello v. Frey,* 962 F.2d 244 (2nd Cir.1992), the plaintiff (a Deputy County Attorney) was appointed by the County Attorney, who in turn had been appointed by the County Executive, an elected official. The Second Circuit Court of Appeals held that:

Because Tranello was appointed by another appointed official, and not appointed by an elected official, his position as Deputy County Attorney does not fall within section 630(f), regardless of whether the position was "on the policymaking level." *See Mareno v. County of Westchester,* No. 91–Civ–2560, 1991 WL 340566, [*3] (S.D.N.Y. November 14, 1991) (assistant county attorney does not

fall within exception because not appointed by an elected official); *Wanner v. Kansas,* 766 F.Supp. 1005, 1009 (D.Kan.1991) (assistant director of architectural services not within section 620(f) as he was appointee of appointed director); cf. *Anderson v. City of Albuquerque,* 690 F.2d 796, 800–01 (10th Cir. 1982) (construing virtually identical Title VII exception [42 U.S.C. § 2000e(f) ] to require appointment by elected official to fall within policymaking exception). 962 F.2d at 249.

Additionally, in *Gregory v. Ashcroft,* 501 U.S. 452, 111 S.Ct. 2395, 2412, 115 L.Ed.2d 410 (1991), Justice White, in a concurring and dissenting opinion, analyzed 29 U.S.C. § 630(f) as follows:

> A parsing of that definition reveals that it excludes from the definition of "employee" (and thus the coverage of the ADEA) four types of (non-civil service) state and local employees: (1) persons elected to public office; (2) the personal staff of elected officials; (3) persons appointed by elected officials to be on the policymaking level; and (4) the immediate advisers of elected officials with respect to the constitutional or legal powers of the officials' offices.

Clearly, this is at least some evidence that the Supreme Court would apply the exception only to persons *appointed by elected officials* to be on the policymaking level, and not to appointees on the policymaking level who were not appointed by elected officials.

Wells Hospital attempts to distinguish *Tranello* and the cases cited therein by arguing that in the present case Braaksma's position as Chief Executive Officer of Wells Community Hospital is the highest appointed position of a distinct political subdivision, a distinction not made in *Tranello* and the other cases. However, Wells Hospital has failed to explain why this distinction makes any difference in interpreting the language of section 630(f). While the fact that Braaksma was the highest appointed official supports the un-disputed fact that Braaksma was "on the policymaking level", it does not have any bearing on the question of whether the exception in section 630(f) applies to appointees who were not appointed by an elected official.

■ Wells Hospital also cites to *EEOC v. Board of Trustees of Wayne County Comm. College,* 723 F.2d 509 (6th Cir. 1983), in support of its position that the exception in section 630(f) applies to Braaksma. In *Wayne County Comm. College,* the defendant was a publicly elected college governing board and the plaintiff had been appointed by the board as the college's president. The sole issue before the court was whether the plaintiff functioned on the "policymaking level". After reviewing the express duties of the college president, the Sixth Circuit Court of Appeals held that the District Court had correctly determined that the plaintiff was a policymaker and thus excluded from coverage under the ADEA. *Id.* at 511–12. As the plaintiff had been appointed by elected officials, the Sixth Circuit did not need to consider the issue of whether section 630(f) applied to all appointees at the policymaking level or only those appointees who were appointed by an elected official. Thus, the decision is of no importance to the issues in the present case. In conclusion, this court agrees with *Tranello* and cases cited therein that the exception in section 630(f) only applies when the appointee is appointed by an elected official. Thus, Braaksma is a covered "employee" for purposes of the ADEA.

Wells Hospital next argues that the ADEA does not apply to political subdivisions such as the Wells Community Hospital. Wells Hospital directs the court to *Bailey v. Canan,* 82 F.Supp.2d 966, 978 (S.D.Ind.2000), wherein the court stated that it appeared that it did not have jurisdiction to consider a former police officer's claim of age discrimination against the City of Muncie. *Bailey* relied on the Supreme Court's decision in *Kimel v. Florida*

*Bd. Of Regents,* —— U.S. ——, ——, 120 S.Ct. 631, 650, 145 L.Ed.2d 522 (2000), wherein the Court held that:

> In light of the indiscriminate scope of the Act's substantive requirements, and the lack of evidence of widespread and unconstitutional age discrimination by the States, we hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid.

Braaksma concedes that the ADEA cannot be held to have abrogated a state's Eleventh Amendment immunity. However, Braaksma argues that since the protections of the Eleventh Amendment do not apply to political subdivisions of the state[1], *Kimel* has no effect on the present suit. In determining whether an entity is protected by Eleventh Amendment immunity, the question is whether "the state is the real, substantial party in interest." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The main concern of the Eleventh Amendment is to avoid requiring the payment of federal court judgments from a state's treasury. *Hess v. Port Authority Trans–Hudson Corp.,* 513 U.S. 30, 48, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994). As such, the Seventh Circuit Court of Appeals has noted that the most important factor is whether the entity in question has the "power to raise its own funds." *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 732–33 (7th Cir.1994).

Braaksma contends that the factors identified above point to the conclusion that Wells Hospital is not entitled to Eleventh Amendment immunity. Braaksma also points out that Indiana law distinguishes the State of Indiana and its agencies from its political subdivisions. For example, Indiana's Tort Claims Act, *Ind. Code* § 34–6–2–140, defines "state" to include Indiana and its state agencies, and § 34–6–2–141 excludes "political subdivisions" from the definition of "state agency". Additionally, Braaksma argues that since Wells Hospital has not identified any legal authority under which the State of Indiana can be held to answer for any judgments obtained against the Hospital, the concerns of the Eleventh Amendment are not implicated. Finally, Braaksma notes that the Hospital clearly has the authority to raise its own funds either by charging for services rendered, obtaining loans, receiving an appropriation from the county general fund, or by a separate tax levy[2]. Braaksma thus concludes that the Hospital is not akin to an arm of the state and is, at most, an arm of the county, and it is well established that counties do not enjoy Eleventh Amendment immunity. *Doyle* at 280.

■ This court agrees with Braaksma and declines to adopt the holding in *Bailey.* The *Bailey* court did not engage in any analysis before concluding that it did not have jurisdiction over an ADEA suit against the City of Muncie. In fact, its entire discussion of *Kimel* and Eleventh Amendment immunity consists of only one paragraph in a 23–page opinion. Additionally, after finding that it "appeared" that the court did not have jurisdiction, the *Bailey* court proceeded to engage in a lengthy discussion of the plaintiff's ADEA claim and concluded that the City's motion for summary judgment on the ADEA claim should be granted. 82 F.Supp.2d at 984. Consequently, for all of these reasons, this court will not follow the decision in *Bailey* and holds that Wells Hospital is not immune from ADEA suits and that jurisdiction is proper over Braaksma's ADEA claims against Wells Hospital.

---

1. *See J.A.W. v. State,* 687 N.E.2d 1202, 1204 (Ind.1997) ("[p]olitical subdivisions, even though created by some kind of state law charter and generally regulated by the state, do not share that immunity.").

2. *See Ind.Code* §§ 16–22–3–13, 16–22–3–26, 16–22–3–7.

Accordingly, as Braaksma is an "employee" for purposes of the ADEA and it is conceded that the Agreement is not a valid release of ADEA claims, Braaksma's motion to dismiss Wells Hospital's counterclaim will be granted.

### Conclusion

For all of the foregoing reasons, Braaksma's motion to dismiss Wells Hospital's counterclaim is hereby GRANTED.