**CARR PARK, INC., Defendant–Petitioner,**

v.

**Fasil TESFAYE, Plaintiff–Respondent.**

No. 00–7078.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 10, 2000.

Decided Oct. 31, 2000.

M. Carter DeLorme argued the cause for petitioner. With him on the briefs was William G. Miossi.

William Payne argued the cause and filed the briefs for respondent.

Before: EDWARDS, Chief Judge, SILBERMAN and GARLAND, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Pursuant to 28 U.S.C. § 1292(b) (1994), defendant petitions for leave to appeal an order of the district court denying defendant's motion to dismiss plaintiff's Title VII claim. Defendant's petition was un-

timely, therefore we dismiss for lack of jurisdiction.

## I.

Plaintiff, Fasil Tesfaye, was employed by defendant, Carr Park, Inc., as a facilities manager. On November 12, 1998, Carr Park fired Tesfaye. Subsequently, Tesfaye filed a charge with the EEOC, on April 20, 1999, claiming that Carr Park had discriminatorily fired him based on his race and national origin in violation of Title VII, 42 U.S.C. § 2000e *et seq.* On June 28, 1999, sixty-nine days after Tesfaye filed his charge, the EEOC issued to him a right to sue letter and a document entitled "dismissal and notice of rights." The EEOC stated that it was dismissing the charge and terminating its investigation because it was "unable to conclude that the information obtained establishes violations of the statutes." The notice informed Tesfaye that he had 90 days in which to file his claim in district court. Tesfaye then filed suit in federal district court on September 27, 1999.

Carr Park moved to dismiss the claim because Tesfaye had not waited 180 days after filing his charge with the EEOC before bringing suit in federal court. Section 2000e–5(f)(1) specifically states that a charging party may file suit if the charge is "dismissed by the Commission, *or* if within one hundred and eighty days from the filing ... the Commission has not filed a civil action." 42 U.S.C. § 2000e–5(f)(1) (1994) (emphasis added). Carr Park argues that notwithstanding the statutory language, our opinion in *Martini v. Federal National Mortgage Ass'n,* 178 F.3d 1336, 1347 (D.C.Cir.1999), held that the 180–day requirement is uniform even if the Commission has dismissed the charge earlier. The district judge, however, read *Martini* in harmony with the statutory wording,[1] but recognizing that certain language in our opinion could be seen as in

---

1. *Martini* struck down an EEOC regulation asserting authority to authorize a private party to sue before 180 days even if a charge had not been *dismissed. Id.*

tension with the plain wording of the statute, certified the order for interlocutory appeal under 28 U.S.C. § 1292(b). He thought that the correct application of *Martini* was a controlling question as to which there was substantial ground for difference of opinion and that immediate appeal of the issue might materially advance the termination of the litigation.

Subsequently, Carr Park filed a petition for permission to appeal, pursuant to 28 U.S.C. § 1292(b), on February 16, 2000. Carr Park conceded that it filed the requisite petition outside of the 10–day statutory filing period. But it moved for leave to file the untimely petition, arguing excusable neglect because counsel did not have an opportunity to review the district court's order until he returned from an out-of-town trial on February 14, the date the petition was due. And, Carr Park argued, any prejudice to Tesfaye would be *de minimis* because the petition was filed only two days late. Tesfaye opposed neither Carr Park's motion nor its petition for leave to file an interlocutory appeal. The court referred the motion to the merits panel and directed the parties to include in their briefs arguments concerning the timeliness of the petition for permission to appeal.

## II.

■ Although both parties ask us to excuse the untimeliness of the petition, this issue calls into question our jurisdiction and we must address it. *See Beckett v. Air Line Pilots Ass'n*, 59 F.3d 1276, 1278 n. 2 (D.C.Cir.1995); *see also City of New Orleans v. SEC*, 137 F.3d 638, 639 (D.C.Cir.1998).

■ Federal Rule of Appellate Procedure 5(a)(2) states that a petition for permission to appeal "must be filed within the time specified by the statute" authorizing the appeal. In this case, interlocutory appeal of a certified order is permitted under 28 U.S.C. § 1292(b), and that statute provides that the court of appeals may "in its discretion, permit an appeal to be taken from such order, *if* application is made to it within ten days after the entry of the order." 29 U.S.C. § 1292(b) (emphasis added). Although we have yet to decide the question, all of the circuits to address the issue have concluded that section 1292(b)'s 10–day filing period is jurisdictional. *See Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir.1989) (listing cases); *see also* 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3929, at 376 & n.39 (2d ed.1996) (stating that no appeal may be taken if petition for permission to appeal is filed outside of the 10–day period specified in the statute).[2] We agree that section 1292(b)'s filing period is jurisdictional. Failure to file the petition for permission to appeal within the 10–day period provided by the statute deprives us of jurisdiction over the appeal.

■ Carr Park asks us to find excusable neglect and permit the untimely petition. We are without authority to do so: no exception to the time for filing is set out in the statute and the plain language of the Federal Rules precludes us from enlarging the statutory time for filing a petition for permission to appeal. The language of Rule 5 is mandatory. *See* Fed. R.App. P. 5(a)(2). And although Federal Rule of Appellate Procedure 26(b)(1) states that a court for good cause may extend the time prescribed by the rules, the rule expressly states that the court may not extend time for the filing of a petition for permission to appeal. Fed. R.App. P. 26(b)(1); *see also Myles*, 881 F.2d at 126; *Aparicio v. Swan Lake*, 643 F.2d 1109, 1111 (5th Cir.1981); *cf. National Black Media Coalition v. FCC*, 760 F.2d 1297, 1299 (D.C.Cir.1985)

---

**2.** *See, e.g., Tranello v. Frey*, 962 F.2d 244, 248 (2d Cir.1992); *Rodriguez v. Banco Central*, 917 F.2d 664, 668–69 (1st Cir.1990); *In re Benny*, 791 F.2d 712, 719–20 (9th Cir.1986); *Local P–171, Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065, 1068 (7th Cir.1981).

(dismissing untimely petition to appeal agency decision because statute makes no exception for excusable failure and FED. R.APP. P. 26(b)(2) explicitly prohibits court from enlarging time for filing a notice of appeal from an agency order).

Accordingly, we deny Carr Park's motion for leave to file a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) and dismiss Carr Park's petition for permission to appeal.

*So ordered.*