**Kathleen HEAP, Plaintiff,**

v.

**COUNTY OF SCHENECTADY, and Robert McEvoy, Individually, and in his official capacity as County Manager, Defendants.**

No. 00–CV–1067.

United States District Court, N.D. New York.

Aug. 13, 2002.

Hite & Savitt, P.C. (Meredith H. Savitt, of counsel), Albany, NY, for Plaintiff.

Maynard, O'Connor, Smith & Catalinotto, LLP (Bruce A. Bell, Teresa M. Pare, of counsel), Albany, NY, for Defendants.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

On July 10, 2000, plaintiff Kathleen Heap ("Heap" or "plaintiff") commenced the instant action against defendants County of Schenectady (the "County") and Robert McEvoy ("McEvoy") (collectively "defendants") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, the Equal Pay Act, 29 U.S.C. § 206(d), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the New York Executive Law. On

January 25, 2001, plaintiff filed a supplemental complaint. Defendants answered the supplemental complaint on March 19, 2001.

Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes. Oral argument was heard on April 26, 2002, in Albany, New York. Decision was reserved.

## II. FACTS

The following are the facts in this case set forth in the light most favorable to the non-moving plaintiff.

Defendant McEvoy was the County Manager for the County of Schenectady. The County Manager is appointed by the County Legislature. Subject to the approval of the County Legislature, the County Manager makes appointments to many high-level positions within the County government. The position of Personnel Administrator is one of the positions for which the County Manager makes appointments.

At the time McEvoy assumed his office, the dual functions of the Personnel Administrator—personnel and job training—were performed by two separate employees. In 1991, McEvoy merged these functions under the Personnel Administrator title. Thereafter, the Personnel Administrator was responsible for countywide job placement and training, served as a member of the Tri–County Workforce Investment Board, recommended personnel actions to the County Manager and advised department heads on personnel issues, and represented the County in collective bargaining negotiations and grievance hearings. James Edgars held the position from its creation in 1991 until he left the position in May 1999.

Heap was employed by the County in the position of Assistant Personnel Administrator beginning in or about 1993. At the time the County hired her for this position, she possessed considerable personnel and job training experience. As the Assistant Personnel Administrator, she performed virtually all of the job duties required of the Personnel Administrator, excluding only certain duties associated with job training. Given her job title and responsibilities, plaintiff considered herself to be "next in line" for the Personnel Administrator position.

Following the departure of James Edgar in May 1999, McEvoy appointed a man, William Diman ("Diman"), with considerably less experience than plaintiff to fill the position of Personnel Administrator. Prior to his appointment, Diman had worked as the Director of County 911 Systems. In that role, he supervised no employees and managed a small operation. Plaintiff was required to train Diman to perform the duties of Personnel Administrator. Although plaintiff did not formally apply for the vacant Personnel Administrator position, she did notify Edgar and others of her interest in the promotion and she asked him to advocate on her behalf.

Approximately one year after his appointment, Diman indicated to McEvoy that he intended to resign his position as Personnel Administrator. In response, McEvoy divided the job responsibilities. Diman remained in the position that addressed personnel issues, and Francis Ricci ("Ricci"), a male probation officer, was placed in charge of job training. On January 1, 2002, Diman announced his resignation. Heap immediately assumed his duties. By letter dated March 13, 2002, she was retroactively appointed Acting Personnel Administrator by McEvoy's successor, present County Manager, Kevin DeFebbo. She continues to occupy that position.

## III. *STANDARD OF REVIEW*

### A. *Summary Judgment*

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The ultimate inquiry is whether a reasonable jury could find for the nonmoving party based on the evidence presented, the legitimate inferences that could be drawn from that evidence in favor of the nonmoving party, and the applicable burden of proof. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining a motion for summary judgment, all inferences to be drawn from the facts contained in the exhibits and depositions "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hawkins v. Steingut,* 829 F.2d 317, 319 (2d Cir.1987). Nevertheless, "the litigant opposing summary judgment 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980) (quoting *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978)).

## IV. *DISCUSSION*

Heap's supplemental complaint asserts six causes of action against the County for (1) sex discrimination with regard to job promotion in violation of Title VII; (2) pattern and practice sex discrimination; (3) gender pay discrimination in violation of Title VII; (4) violation of the Equal Protection Clause; and (5) violation of the Equal Pay Act. Plaintiff also sues McEvoy for violation of Section 296 of the N.Y. Executive Law.

Defendants move for summary judgment on the grounds that (1) the position of Personnel Administrator is an appointed, policy-making position and exempt from Title VII; (2) plaintiff has failed to make out a prima facie case of gender discrimination under Title VII for the failure to promote her to Personnel Administrator; (3) plaintiff cannot state a prima facie case of discrimination or a violation of the Equal Pay Act for the failure to pay her the same salary as the Personnel Administrator; (4) plaintiff cannot make out a prima facie case for a pattern and practice of gender discrimination based on the repeated failure of the County to promote women; (5) plaintiff's equal protection claim must be dismissed because she has failed to produce evidence of discriminatory intent; and (6) that plaintiff's N.Y. Executive Law claim against McEvoy must be dismissed because she has failed to make out a prima facie case. Each of these are discussed in turn below.

### 1. *Policy–Making Position*

Defendants' first argument is that plaintiff's claims under Title VII must be dismissed because the position of Personnel Administrator is a policy-making advisor to the County Manager—who is similar to an elected official.

Title VII exempts from its statutory definition of "employee,"

> any person elected to public office in any State or political subdivision of a State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or any appointee on the policy making level or an immediate advisor with respect to the

exercise of the constitutional or legal powers of the office.

42 U.S.C. § 2000e(f).

The House and Senate Conference Committee report explains the purpose behind subsection (f), which became law in 1972, eight years after Title VII was originally enacted. According to the report, subsection (f) was enacted "to exempt ... persons appointed by ... elected officials as advisors or to policy making positions at the highest levels of the departments or agencies of state or local governments such as cabinet officers, and persons with comparable responsibilities at the local level...." 1972 U.S.C.C.A.N. 2137, 2180. Congress intended that "this exemption be construed narrowly." *Id. See also Butler v. New York State Dept. of Law*, 211 F.3d 739, 747 (2d Cir.2000).

■ Even a cursory review of the facts in this case demonstrate that the Personnel Administrator for the County of Schenectady is not within the scope of this exception. First, and most significantly, the County Manager is *not* an elected official. This fact alone is sufficient to deny the application of the exception. *See Tranello v. Frey*, 962 F.2d 244, 249 (2d Cir. 1992) ("Because Tranello was appointed by another appointed official, and not appointed by an elected official, his position as Deputy County Attorney does not fall within section 630(f), regardless of whether the position was 'on the policymaking level.' ") Second, the duties of the Personnel Administrator, though substantial, simply cannot be equated to those of a "cabinet officer." Accordingly, defendants' first argument is rejected.

**2. *Gender Discrimination In Promotion***

Defendants next argue that plaintiff has failed to make out a prima facie case of gender discrimination based on the failure to promote her in either 1999 or 2000 because she has failed to rebut the presumption of nondiscrimination established by defendants' purported reasons for promoting Diman.[1]

■ Title VII makes it unlawful for an employer to terminate or discriminate against any individual with respect to the "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A plaintiff's claim of gender discrimination is analyzed under the familiar three-part framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In order to make out a prima facie case of discriminatory failure to promote, in violation of Title VII, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the job for which she applied; (3) she was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII. *See, e.g., McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817; *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir.1997). The burden that such a plaintiff must meet in order to defeat summary judgment at

**1.** Defendants also argue that plaintiff cannot make out a prima facie case because she did not apply for the position in 1999; however, there is more than enough evidence in the record from which a fact finder could conclude that McEvoy was on notice that plaintiff was interested in the Personnel Administrator position and this argument is, therefore, rejected. This evidence includes: plaintiff's comments to Edgar (who was in contact with McEvoy regarding the promotion), plaintiff's request that her job title be changed to reflect its relationship with the Personnel Administrator position, and the numerous statements by plaintiff reflecting her ongoing interest in the position.

the prima facie stage is "not onerous." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

If the plaintiff establishes a *prima facie* case, she "creates a presumption that the employer unlawfully discriminated, and thus places the burden of production on the employer to proffer a nondiscriminatory reason for its action." *James v. New York Racing Assn.*, 233 F.3d 149, 154 (2d Cir.2000) (internal quotation marks and citation omitted). Should the employer articulate a nondiscriminatory reason for its actions, this presumption completely "drops out of the picture." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Throughout this process, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated . . . remains at all times with the plaintiff." *Id.* at 507, 113 S.Ct. 2742 (quoting *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089).

Because the burden of persuasion remains with the plaintiff, once the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment unless the plaintiff can identify evidence that reasonably supports a finding of prohibited discrimination. *See Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir.2000) (once employer proffers a non-discriminatory reason, the court must determine whether the plaintiff has offered "sufficient evidence for a reasonable jury to conclude that [defendants] discriminated against" the plaintiff) (internal quotation marks omitted). Proof of the falsity of an employer's explanation may sometimes, but will not always, allow the jury to infer that the employer's true motive was discriminatory. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

There is no mechanical test to apply on this final inquiry. The Second Circuit has noted that "[t]he task . . . is to examine the entire record, and in accordance with *Reeves*, make the case-specific assessment as to whether a finding of discrimination may reasonably be made." *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 382 (2d Cir.2001). However, in this regard, "the Supreme Court has indicated that only occasionally will a prima facie case plus pretext fall short of the burden a plaintiff carries to reach a jury on the ultimate question of discrimination" but that "such occasions do exist." *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 94 (citing *Reeves*, 530 U.S. at 148, 120 S.Ct. 2097).

### a. *Prima Facie Case*

■ It is clear that Heap has made out a *prima facie* case. As noted above, proof of a prima facie case in a failure to promote case requires evidence that (1) she is a member of a protected class; (2) she was qualified for the job for which she applied; (3) she was denied the job; and (4) the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII. Plaintiff has demonstrated each of these elements.

First, plaintiff is a member of a protected class because she is a woman. She has demonstrated that she was qualified for the position of Personnel Administrator because she has produced evidence that she performed virtually all of the duties of the position, trained Diman for the position, and was promoted to the position upon Diman's departure. She has demonstrated that she was denied the position in both 1999 and 2000 because, as noted above, her interest in the position was widely known and she was passed over first in favor of Diman, and then in favor of Ricci. Finally, she has produced evi-

dence that the denial did occur under circumstances giving rise to an inference of discrimination because of her superior qualifications and her evidence concerning McEvoy's attitude toward promotion of women in general. Accordingly, it is held that Heap has satisfied each element of her *prima facie* case.

### b. *Legitimate Nondiscriminatory Reason*

■ Once plaintiff established her prima facie case, the burden of production then shifted to the defendants to articulate a legitimate nondiscriminatory reason for the failure to promote her. Defendants have articulated several such reasons. These reasons are: (1) they did not think plaintiff was interested in the promotion; (2) they were concerned with her managerial style; and (3) they were concerned with her excessive absences. (Def.Mem. at 12.)

### c. *Evidence of pretext and discrimination*

Because defendants articulated legitimate reasons for the failure to promote plaintiff, the plaintiff is required to produce sufficient evidence for a jury to conclude both that the defendants' reasons are pretextual, and that their true reasons were discriminatory. In this case, plaintiff has proffered evidence both that the defendants' legitimate reasons are pretextual and that the true reason for the failure to promote her was discriminatory. As to the question of pretext, plaintiff has of-

fered proof that defendants' claims that she was not suited for the position are blatantly false. She has submitted numerous affidavits from department heads, and the Mayor of Schenectady, testifying to her competence and proficiency. Most tellingly, McEvoy's successor appointed her to replace Diman, and she functions as the Personnel Administrator to this day. Such evidence is unquestionably sufficient to demonstrate pretext, and is also sufficient to create an issue of fact for the fact finder as to whether defendants' true motive was discriminatory.

### 3. *Gender Discrimination In Pay*

Defendants' next argument is that plaintiff has failed to raise an issue of fact as to her claims under Title VII and the Equal Pay Act that she was paid less than male coworkers because of her gender. Defendants argue that plaintiff has failed to identify any male co-worker who was paid more money for "substantially equal" work. In support of her claim, plaintiff argues that Diman was paid more for performing the same work as she was performing. In addition, she has identified numerous male employees in various positions who she claims are paid more for substantially equal work.[2]

■ To establish an equal pay claim under the EPA or Title VII, plaintiff must prove the following elements: "(i) the employer pays different wages to employees of the opposite sex; (ii) the employees perform equal work on jobs requiring

---

**2.** These employees occupy such varied positions as: Coordinator of Child Support Enforcement, Employee Assistance Program Coordinator, Facilities Director, Assistant Facilities Director, Deputy Director of Probation, Director of Job Training, Director of Social Services, Director of Accounting Supervisor at DSS, Director of Treasury Systems, Director of Information Systems, Director of Environmental Health, Director of Real Property, Pharmacist, Substance Abuse Services Coordinator, Family Assessment Supervisor, Major (Jail), Executive Director—Human Rights, Senior Computer System Analyst, Public Safety Information Systems Coordinator, Undersheriff, Cleaning and Maintenance Supervisor, Pharmacy Director, and Comptroller. (Savitt Aff.Exh. B at ¶ 11.)

equal skill, effort, and responsibility;[3] and (iii) the jobs are performed under similar working conditions." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir.1995); *see also Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir.1999). The same standards generally apply to equal pay claims under the EPA, Title VII, and the NYHRL; however, claims pursuant to Title VII or the NYHRL require a plaintiff to prove that the pay differential was motivated by a discriminatory animus. *See Dinolfo v. Rochester Telephone Corp.*, 972 F.Supp. 718, 722 (W.D.N.Y.1997) (citing *Tomka*, 66 F.3d at 1310: *Pollis v. New School of Social Research*, 132 F.3d 115, 123–24 (2d Cir.1997)) (citing *Tomka*, 66 F.3d at 1304 n. 4).

■ "[J]obs which are 'merely comparable' are insufficient to satisfy a plaintiff's *prima facie* burden." *Tomka*, 66 F.3d at 1310. Instead, the two positions must be "substantially equal." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 56 (2d Cir.1993) Although "the test is one of substantiality, not entirety, ... in EPA cases '[t]he standard for determining whether jobs are equal in terms of skill, effort, and responsibility is high.'" *Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 592 (11th Cir.1994) (quoting *Waters v. Turner, Wood & Smith Ins. Agency, Inc.*, 874 F.2d 797, 799 (11th Cir.1989)).

■ Should a plaintiff establish her prima facie case, the burden then shifts to the defendants to prove that the disparity is justified by one of the four affirmative defenses: a merit system, a seniority system, a system which measures quality or quantity of production, or a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1); *see Dinolfo*, 972

F.Supp. at 722; *see also Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 132 (2d Cir.1996).

■ It is held that Heap has failed to make out a *prima facie* case on her equal pay claims. Even assuming it to be true that plaintiff performed many of the job duties assigned to Diman, the fact remains that Diman, as the Personnel Administrator, had additional duties not assigned to plaintiff. These duties included bearing ultimate responsibility for the management of his department, as well as for the supervision of employees within his department—including plaintiff. As such, it cannot be said that the positions of Personnel Administrator and Assistant Personnel Administrator were "substantially similar"—regardless of whether or not plaintiff performed many of the functions for which the Personnel Administrator was responsible. *See, e.g., Doria v. Cramer Rosenthal McGlynn, Inc.*, 942 F.Supp. 937, 942 (S.D.N.Y.1996) ("When the additional tasks of one job in comparison to another job are substantial, then jobs are not congruent and the work is not equal."); *Dinolfo*, 972 F.Supp. at 723 (no substantial equality between jobs where plaintiff claimed that some of her duties were similar to those of higher paid male employees but did not deny that some of her duties were not shared by them).

Regarding plaintiff's evidence of pay disparity between herself and the various other employees identified by her, plaintiff has proffered no evidence to show that these positions were similar, much less "substantially" so. Plaintiff's equal pay claims must, therefore, be dismissed.

**3.** With regard to this second element, "[a] plaintiff need not demonstrate that her job is identical to a higher paying position, but only must show that the two positions are 'substantially equal' " in skill, effort, and responsibility. *Lavin–McEleney v. Marist College*, 239 F.3d 476, 480 (2d Cir.2001) (quoting *Tomka*, 66 F.3d at 1310).

### 4. *Pattern and Practice Claim*

■ Defendants' next argument is that the plaintiff's "pattern and practice" claim must be dismissed because such a claim is improper in the context of an individual disparate treatment case such as this. Defendants are correct. *See Victory v. Hewlett–Packard Co.*, 34 F.Supp.2d 809, 821 (E.D.N.Y.1999) (citing *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 759 (4th Cir.1998)); *Gilty v. Village of Oak Park*, 919 F.2d 1247, 1252 (7th Cir.1990); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866 n. 6 (7th Cir.1985); *In re Western Dist. Xerox Litig.*, 850 F.Supp. 1079, 1083 (W.D.N.Y.1994). *See also Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 157 n. 3 (2d Cir.2001) (citing 1 Arthur Larson et al., Employment Discrimination § 8.01[4], at 8–13 (2d ed.2001) for the proposition that "[t]he *McDonnell Douglas* pattern of proof is ill-suited to establishing [pattern-or-practice claims]"). Accordingly, plaintiff's Second Cause of Action (pattern and practice of gender discrimination) must be dismissed.

### 5. *Equal Protection Claim*

■ Defendants argue that plaintiff's equal protection claim must be dismissed because she has failed to produce evidence that the treatment of her was motivated by discriminatory intent. Plaintiff correctly cites *Allen v. City of Yonkers*, 803 F.Supp. 679, 701 (S.D.N.Y.1992), for the proposition that "Title VII and § 1983 claims involve the same factual allegations and must be evaluated under the same legal standard." Because it has been held that plaintiff has raised an issue of fact regarding defendants' motive in failing to promote her in 1999 and 2000, defendants' argument must be rejected.[4]

### 6. *New York Executive Law Claim*

■ Defendants' final argument is that plaintiff's N.Y. Executive Law claim against McEvoy must be dismissed because it is based on the same allegations as plaintiff's Title VII claims. Because defendants' arguments regarding the viability of plaintiff's Title VII claims have been rejected (excluding, of course, her claim for gender pay discrimination), defendants' argument regarding dismissal of her Executive Law claim is similarly rejected. Plaintiff has alleged that McEvoy "actually participated" in the conduct giving rise to her state law claim. Under the law of this Circuit, that is sufficient for McEvoy to be liable as an aider and abettor under New York law. *See Nowak v. EGW Home Care, Inc.*, 82 F.Supp.2d 101, 109–10 (W.D.N.Y.2000) (noting that "a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the Human Rights Law.") (citing *Tomka*, 66 F.3d at 1317). Accordingly, plaintiff's N.Y. Executive Law claim against defendant McEvoy cannot be dismissed.

## V. *CONCLUSION*

Defendants have failed to demonstrate an absence of genuine issues of material fact for trial as to several of plaintiff's causes of action.

Therefore, it is hereby

ORDERED that

1. The defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART as set forth below:

---

4. However, to the extent plaintiff's equal protection claim is based upon an alleged discrimination in pay, it must be dismissed for the reasons set forth above in the discussion of plaintiff's gender pay discrimination claims.

2. Defendants' motion for summary judgment is GRANTED as to plaintiff Kathleen Heap's Second Cause of Action (pattern and practice discrimination), Third Cause of Action (Title VII pay discrimination), and Fifth Cause of Action (Equal Pay Act), and these causes of action are hereby DISMISSED; and

3. Defendants' motion for summary judgment is DENIED as to plaintiff's First Cause of Action (discrimination in promotion), Fourth Cause of Action (Equal Protection), and Sixth Cause of Action (N.Y. Executive Law).

IT IS SO ORDERED.